**WALTER E. HELLER WESTERN, INC., a California corporation, Plaintiff,**

v.

**SEAPORT ENTERPRISES, INC., dba Air Services, a Texas corporation; Air Conditioning Products, Inc., a Texas corporation; L.R. Eversole; and B.P. Barnes; Defendants.**

**Civ. No. 83–301.**

United States District Court, D. Oregon.

May 24, 1983.

Michael J. Francis, Black, Kendall, Tremaine, Boothe & Higgins, Portland, Or., for plaintiff.

Kevin O'Connell, Peter H. Glade, O'Connell, Goyak, Jensen & Krage, P.C., Portland, Or., for defendants.

## ORDER

FRYE, District Judge:

Defendants Seaport Enterprises, Inc., dba Air Services; Air Conditioning Products, Inc.; and L.R. Eversole were served in this action on March 11, 1983. They failed to answer or otherwise appear within the twenty-day limit of Fed.R.Civ.P. 12(a). Plaintiff moved for entry of default on April 12, 1983, and default was entered against these defendants on April 14, 1983. Defendants now move the court to set aside the entry of default pursuant to Fed.R. Civ.P. 55(c), which provides

> For good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The affidavit of defendants' counsel indicates that he was first contacted regarding representing defendants in mid-March. On April 8 he received a letter dated April 1, which contained a copy of the summons and complaint served on defendants, but did not give any information as to the service date. Counsel mistakenly assumed that the complaint had been filed in state court, in which case he would have had thirty days to answer, and told his secretary to set up a file on the case and return it to counsel immediately. Counsel did not receive the materials back until April 20, after the default had been entered. A second counsel for defendants indicates in his affidavit that he believes the defendants have meritorious defenses to this action.

Plaintiff claims that defendants have not shown sufficient good cause to justify setting aside the entry of default. It argues that defendants' counsel could have contacted plaintiff's counsel upon receipt of the letter on April 8 for the purposes of avoiding default. Plaintiff further argues that a mere lack of diligence or carelessness is not sufficient cause to set aside a default. Finally, plaintiff argues that as to its fourth cause of action against Seaport Enterprises, Inc., for writing a bad check to plaintiff, defendant has not indicated that it would be able to put forward a meritorious defense.

The decision as to whether to set aside an entry of default is within the sound discretion of the district court. "[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a final trial upon the merits." 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 55.10[1] at 235–36 (2nd ed. 1982) (footnotes omitted). Although some cases indicate a hard-nosed attitude towards setting aside defaults resulting from intra-office procedure mistakes or lapses, other cases take a more lenient approach. *See generally Id.* ¶ 55.10[2].

Because defendants responded to the entry of default very soon after it was accomplished, and because it does not appear that plaintiff would be prejudiced by setting aside the default, except insofar as it would have to then defend on the merits, the court exercises its discretion to set aside the entry of default as to all claims except the fourth claim against Seaport Enterprises. As to this claim, plaintiff argues that under ORS 30.700, the Oregon bad check law, defendant has shown no evidence of a meritorious defense. Implicit in this argument is an interpretation of the statute as precluding setting up defenses to the underlying debt in the action under ORS 30.700. ORS 30.-

**38**

700 is a very recent statute and has not been interpreted by the Oregon courts. It provides for statutory damages and attorneys' fees for parties suing to collect on bad checks, but gives no indication that defenses as to the underlying debt may not be presented in the action. In the absence of further authority, the court is not prepared to rule at this time that defendants will not be able to set up a defense to this cause of action.

IT IS ORDERED that the motion to set aside entry of default is GRANTED.