**Marlys SPEIDEL, Plaintiff,**

v.

**Paul Dean BRYAN, Patricia A. Bryan, and The Princess (Official No. 238930), Defendants.**

**Civil No. 94–1577–FR.**

United States District Court, D. Oregon.

Jan. 5, 1996.

Blair J. Henningsgaard, Astoria, Oregon, for Plaintiff.

Paul D. Bryan, Prineville, Oregon, Defendant Pro Se.

## OPINION

FRYE, District Judge:

The matters before the court are:

1. the motion of defendant Patricia Bryan to overturn renewed default (# 36);

2. the motion of defendant Patricia Bryan to change deposition location (# 38);

3. the motion of defendant Paul Bryan to change deposition location (# 39);

4. the request of the plaintiff, Marlys Speidel, for entrance of judgment (# 40);

5. the motion of Patricia Bryan to amend judgment awarding costs and expenses to plaintiff's attorney in the court's opinion and order of September 19, 1995 (submitted as "motion to overturn judgment") (# 42);

6. the motion of Speidel for sanctions (# 44);

7. the motion of Paul Bryan for default (# 45); and

8. the motion of Paul Bryan against sanctions (# 48).

## BACKGROUND

On December 28, 1994, the plaintiff, Marlys Speidel, filed this action against the defendants, Paul Dean Bryan, Patricia A. Bryan (a.k.a. Patricia Bowen), and the fishing vessel, The Princess, alleging that in August of 1994, she was sexually harassed and assaulted by defendant Paul Bryan while she was employed as a deckhand on the vessel, The Princess.

On February 23, 1995, Speidel moved the court to allow alternative service upon defendant Patricia Bryan because Speidel's attempts to serve Patricia Bryan had been unsuccessful. The court granted the motion of Speidel. Thereafter, Speidel served Patricia Bryan by certified mail and by attempting to post the summons and a true copy of the complaint on the door of Patricia Bryan's residence. However, the process server was prevented by Paul Bryan from posting the summons and a true copy of the complaint on the door of Patricia Bryan's residence. Speidel then sent the summons and a true copy of the complaint to Patricia Bryan by certified mail. These documents were returned to Speidel unclaimed. On March 7, 1995, the court entered an order of default against the defendant, Patricia A. Bryan.

Paul Bryan was served with the summons and a true copy of the complaint and has filed an appearance *pro se*.

The Bryans failed to appear on July 13, 1995 for the taking of their depositions without substantial justification. The court ordered sanctions of reasonable expenses, including attorney fees, against the Bryans. Upon the motion of Speidel, the court then ordered the Bryans to appear for the taking of their depositions on October 26, 1995.

1. *The Motion of Patricia Bryan to Overturn Renewed Default (# 36)*

Patricia Bryan moves the court to vacate the order of default entered against her on March 7, 1995 on the ground that she was not available to receive the summons or complaint because she was caring for a family member who was ill elsewhere when the documents were served. Speidel has not responded to this motion.

### A. Applicable Law

■ Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default." The court's discretion is especially broad where, as here, the party seeks to set aside the entry of an order of default rather than a default judgment. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir.1986). On a motion to set aside the entry of an order of default, the court considers 1) whether the default was willful; 2) whether the defaulting party acted promptly to set aside the default; 3) whether the opposing party would be prejudiced by setting aside the default; and 4) whether the moving party presents a meritorious defense. *Walter E. Heller Western, Inc. v. Seaport Enters.*, 99 F.R.D. 36, 37 (D.Or.1983) (J. Frye).

### B. Analysis and Ruling

■ Patricia Bryan was not at her residence during the period of time in which service was attempted. She was caring for a sick relative elsewhere; therefore, she could not have received the summons and a true copy of the complaint sent by certified mail. The court finds that the order of default entered in this case was not the result of willfulness on the part of Patricia Bryan. The motion of Patricia Bryan to overturn renewed default (# 36) is granted.

2. *The Motion of Patricia Bryan (# 38) to Change Deposition Location*

3. *The Motion of Paul Bryan (# 39) to Change Deposition Location*

The Bryans move the court for an order changing the location of their depositions scheduled to be taken by Speidel. Speidel has twice scheduled depositions which were properly noticed under Rule 30(a) of the Federal Rules of Civil Procedure. The Bryans have twice failed to appear for the

taking of their depositions. The Bryans contend that they are financially unable to travel to the City of Astoria. The Bryans shall appear and be deposed by Speidel in the United States Courthouse for the District of Oregon, Room 111, 620 S.W. Main Street, Portland, Oregon on Monday, January 22, 1996, at 11:00 a.m.

### 4. *The Request of Speidel for Entrance of Judgment (# 40)*

On September 19, 1995, the court ordered the Bryans to pay all of the reasonable expenses incurred by Speidel as a result of the failure of the Bryans to appear for the depositions scheduled for July 13, 1995. Pursuant to its ruling on the motion of Patricia Bryan to amend the judgment awarding costs and expenses, this motion is denied.

### 5. *The Motion of Patricia Bryan to Amend Judgment Awarding Costs and Expenses to Plaintiff's Attorney in the Court's Opinion and Order of September 19, 1995 (submitted as "Motion to Overturn Judgment") (# 42)*

■ Patricia Bryan moves the court to vacate the order of sanctions entered against her for her failure to attend the first scheduled deposition on July 13, 1995. In an affidavit submitted to the court, she states that she was not available on July 13, 1995 for the taking of her deposition and was not aware that a deposition had been scheduled because she was out of town at the time. Speidel has not responded to this motion. The motion of Patricia Bryan (# 42) is granted.

### 6. *The Motion of Speidel for Sanctions (# 44)*

■ Speidel moves the court to sanction the Bryans for their failure to appear at the second properly noticed deposition on October 26, 1995 and for their failure to confer concerning discovery matters. The Bryans notified Speidel prior to the date of the second deposition that they were unable to appear because of the inconvenience and expense of traveling to Astoria, Oregon. Rule 37(d) of the Federal Rules of Civil Procedure provides, in part:

> If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just.... In lieu of any order or in addition thereto, the court *shall* require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (Emphasis added).

The Bryans notified Speidel in advance of the October 26, 1995 deposition that they would be unable to appear for that deposition because of financial reasons. The court finds that the failure of the Bryans to appear for the second scheduled deposition was substantially justified and did not unreasonably burden Speidel. The motion of Speidel for sanctions (# 44) is denied.

### 7. *The Motion of Paul Bryan for Default (# 45)*

■ Paul Bryan moves the court for an order of default against Speidel on the ground that she has refused to answer his interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure. Speidel requests that the court strike Paul Bryan's motion for default for failure to comply with Local Rule 230–2.

Local Rule 230–2(a) provides that "[t]he court will deny any motion pursuant to Fed. R.Civ.P. 26 through 37, unless a statement of moving counsel is attached thereto certifying that, after personal or telephone consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve the matter before filing the motion."

Paul Bryan has not submitted a statement certifying that he has consulted with counsel for Speidel on this issue. Therefore, he has not complied with Local Rule 230–2. The motion of Paul Bryan for default (# 45) is denied.

8. *The Motion of Paul Bryan Against Sanctions (# 48)*

Paul Bryan moves the court for an order denying sanctions pursuant to Rule 37(b)(7) of the Federal Rules of Civil Procedure. The motion of Paul Bryan against sanctions (# 48) is denied as moot.

## CONCLUSION

The motions before the court are granted in part and denied in part as follows:

1. the motion of Patricia Bryan to overturn renewed default (# 36) is granted;

2/3. the motions of Patricia Bryan (# 38) and Paul Bryan (# 39) to change deposition location (# 38) are granted, and they are directed to appear and be deposed by Speidel in the United States Courthouse for the District of Oregon, Room 111, 620 S.W. Main Street, Portland, Oregon on Monday, January 22, 1996, at 11:00 a.m.;

4. the request of Speidel for entrance of judgment (# 40) is denied;

5. the motion of Patricia Bryan to amend judgment awarding costs and expenses to plaintiff's attorney in the court's opinion and order of September 19, 1995 (submitted as "motion to overturn judgment") (# 42) is granted;

6. the motion of Speidel for sanctions (# 44) is denied;

7. the motion of Paul Bryan for default (# 45) is denied; and

8. the motion of Paul Bryan against sanctions (# 48) is denied as moot.