**In re Alan Ross ROTHERY, Debtor.**

**Ceresa ROTHERY, George W. Rothery and Carol Rothery, Appellants,**

v.

**Richard A. MARSHACK, Chapter 7 Trustee, Appellee.**

BAP Nos. CC–95–2191–VHMo, CC–96–1309–VHMo.

Bankruptcy No. SA92–17019 LR.

Adv. No. SA93–01327 LR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 20, 1996.

Decided Aug. 28, 1996.

---

Michael Leight, Jeffrey Cunningham, Seal Beach, CA, for Appellants.

Sidney Lanier, Torrance, CA, for Appellees.

Before: VOLINN, HAGAN and MONTALI,[1] Bankruptcy Judges.

## *OPINION*

VOLINN, Bankruptcy Judge:

The trustee in a Chapter 7 bankruptcy sought to avoid as fraudulent a debtor's transfer of a deed of trust to his parents and a grant deed to his wife. Following entry of summary judgment in his favor, the trustee sought attorney's fees from the fraudulent transferees. The bankruptcy court concluded that the fraudulent transfer action was akin to a contract rescission claim; because there was an attorney's fee provision in the deed of trust which granted attorney's fees to the prevailing party in an action involving the contract, the court granted the trustee's motion. The transferees appeal. In another action consolidated on appeal, debtor's wife and her attorney appeal the lower court's imposition of sanctions for her failure to appear at a deposition.

1. Honorable Dennis Montali, Bankruptcy Judge for the Northern District of California, sitting by designation.

2. The deed of trust's attorney fee provision provided in pertinent part: "TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR [the debtor and his wife] AGREES:

. . . . .

To appear in and defend any action or proceeding purporting to affect the security hereof

## BACKGROUND FACTS

*Award of attorney's fees in fraudulent transfer action.*

In June, 1985, Larry Cunningham sued Alan Rothery ("Rothery") in state court for fraud, breach of implied warranty, breach of fiduciary duty and other causes of action. In 1989, following a lengthy trial, a jury found that Rothery had defrauded Cunningham and awarded Cunningham $140,000, including $40,000 in punitive damages.

Prior to trial, Rothery and his wife, Ceresa, transferred a $400,000 security interest in the Rothery home to his parents, George and Carol Rothery, by recording a deed of trust on the home. The deed of trust provided that the beneficiaries—the parents—could obtain attorney's fees from the trustors if the beneficiaries were required to defend the validity of the security interest against a third party.[2] Shortly after the judgment against Rothery, he transferred his ownership interest in the family home to his wife, Ceresa Rothery ("Ms. Rothery").

In June, 1992, Cunningham filed an involuntary petition under Chapter 7 against Rothery; an order for relief was entered shortly thereafter. Cunningham filed a dischargeability complaint against Rothery and moved for summary judgment. Judge Ross[3] granted Cunningham's motion and declared Rothery's debt nondischargeable.

In April, 1993, the Chapter 7 trustee filed an adversary proceeding against Rothery's wife and his parents (collectively, the appellants) to have the deed of trust and grant deed avoided as fraudulent transfers. Each of the appellants answered in pro per; all were eventually represented by the same attorney.

or the rights or powers of the Beneficiary [the debtor's parents] or Trustee and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear."

3. Judge Herbert A. Ross, B.J., District of Alaska, was serving as a visiting judge.

In July, 1995, following discovery and a hearing before Judge Lynne Riddle, the trustee's motion for summary judgment was granted. The court held in its findings and conclusions that the case was governed by "11 U.S.C. § 544(b), 11 U.S.C. § 502(b)(1), Cal.Civ.Codes §§ 3439.04, 3439.07 and 11 U.S.C. § 522(g) and Bankruptcy Rule 7056" and that "the transfers are voidable by the Trustee under 11 U.S.C. § 502 and Cal.Civ. Code § 3439.07." The summary judgment was not appealed.

After the entry of summary judgment, the trustee filed a timely motion for an order requiring the appellants to pay the trustee's attorney's fees in the amount of $50,545. The trustee argued that, as a prevailing party in a dispute over a contract with an attorney's fee provision, he was entitled to attorney's fees under Cal.Civ.Code § 1717.[4] The trustee also argues that he is entitled to attorney's fees under the "tort of another" theory, which allows a person who has been forced into a lawsuit by a tort of a party not involved in the suit to recover attorney's fees from that third party.

Following additional briefings from both parties, the court held a hearing on the trustee's motion. At the hearing, the court stated:

It's interesting that we call a fraudulent conveyance action a fraudulent conveyance action.... It seems to be an action in contract where the remedy sought is rescission and restitution.

. . . .

[H]ere the action of the Trustee, while it sounds as a tort action because it is called a fraud, fraudulent transfer, is an action for rescission, rescission of the transfer, and a restitution to return the parties to their original position.

. . . .

So we have a rescission remedy, and we have a restitution by returning proper title back to the debtor who made the transfer but thereafter for the benefit of the debtor's creditors who were victims of the fraud.

In her written findings, the bankruptcy judge, relying on *Washington v. Baenziger*, 673 F.Supp. 1478 (N.D.Cal.1987) and *Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.*, 121 Cal.App.3d 447, 176 Cal.Rptr. 546 (1981), found that the trustee was entitled to the amount of attorney's fees requested "pursuant to California Civil Code § 1717," and that the attorney's fees requested were "reasonable in amount." The appellants timely appealed.

*Imposition of sanctions for failure to appear at a deposition.*

An appeal of the imposition of sanctions has been consolidated with this appeal. The sanctions order arose out of the underlying fraudulent transfer action. Following entry of summary judgment in that action, Ms. Rothery was ordered to move out of the Rothery home, issue a grant deed on the home to the trustee and, as discussed above, pay the trustee's attorney's fees. Ms. Rothery did not request a stay of those orders pending appeal, nor did she comply with the judge's orders.

In an effort to collect the attorney's fees, the trustee scheduled a deposition for Ms. Rothery at his office to ascertain Ms. Rothery's assets. Ms. Rothery informed the trustee that she would not attend the deposition because she feared for her safety at the trustee's office. The trustee refused to agree to another location because it would be inconvenient to move all of documents stored at his office. Two business days before the scheduled deposition, Ms. Rothery, without moving for a stay pending appeal, offered to place $55,000 in trust to pay the trustee if he were successful on appeal. The trustee re-

---

**4.** Cal.Civ.Code § 1717(a) provides in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

. . . .

Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." Cal.Civ.Code § 1717 (West Supp.1996).

fused the offer, claiming that there was insufficient time to effect the offer and that the amount offered would not reimburse the estate for the rental value of Rothery home occupied by Ms. Rothery.

When Ms. Rothery failed to attend the deposition, the trustee moved for sanctions against Ms. Rothery and her attorney, Mr. Leight, pursuant to Fed.R.Civ.P. 37(d).[5] The trustee's attorneys filed declarations in support of the motion for sanctions to which Mr. Leight filed evidentiary objections.

Following a hearing on the motion, the bankruptcy court, citing Ms. Rothery's continued refusal to cooperate, ordered $3,830 in sanctions against Ms. Rothery and Mr. Leight. Ms. Rothery and Mr. Leight timely appealed.

## ISSUES

Whether the bankruptcy court erred when it awarded attorney's fees to the trustee against the appellants.

Whether the bankruptcy court erred when it awarded sanctions of $3,850 against Ms. Rothery and her attorney for failure to attend a deposition in aid of execution of judgment.

## STANDARD OF REVIEW

■ "An award [of attorney's fees] is within the discretion of the trial court and will not be disturbed absent abuse of that discretion." *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir.) *cert. denied*, 510 U.S. 815, 114 S.Ct. 64, 126 L.Ed.2d 34 (1993). The bankruptcy court's application and interpretation of California law will be reviewed de novo. *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 487 (9th Cir. 1996).

■ The imposition of discovery sanctions under Fed.R.Civ.P. 37 is reviewed for abuse of discretion. The bankruptcy court's

discretion "will not be disturbed unless we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir.1993).

## DISCUSSION

### *Jurisdiction as to Ms. Rothery.*

■ As a preliminary matter, we must resolve whether this Panel has jurisdiction over these appeals. On the day after Ms. Rothery's scheduled deposition, an involuntary bankruptcy petition was filed against her by her principal creditors. The Ninth Circuit has determined that the automatic stay of Section 362(a) "should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or the appellee." *Ingersoll–Rand Fin. Corp. v. Miller Mining Co., Inc.*, 817 F.2d 1424, 1426 (9th Cir.1987) (quoting *Cathey v. Johns–Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir.1983). Therefore, assuming Ms. Rothery is indeed in bankruptcy, Ms. Rothery is prevented from proceeding with this appeal. However, in each of these consolidated appeals, Ms. Rothery has co-appellants; at oral argument, attorneys for all parties agreed that the co-appellants' appeals should go forward. In addition, Ms. Rothery may be able to obtain retroactive relief from the stay to proceed with the appeal. Therefore, the potential stay in Ms. Rothery's personal bankruptcy does not destroy this Panel's jurisdiction over these matters.

### *Award of attorney's fees on fraudulent transfer action.*

■ Appellants argue that the bankruptcy court erred when it granted the trust-

---

5. Fed.R.Civ.P. 37(d), made applicable to bankruptcy pursuant to Fed.R.Bankr.P. 7037, provides in pertinent part that if a party fails "to appear before the officer who is to take the deposition, after being served with a proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just.... In lieu of any order or

in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (West 1996)

ee attorney's fees.[6] The primary issue here is whether a fraudulent transfer action is "on a contract" within meaning of Cal.Civ.Code § 1717. In the underlying complaint, on the merits, the trustee sought, and the court granted, relief under California's codification of the Uniform Fraudulent Transfer Act, Cal. Civ.Code § 3439.07. The trustee requested attorney's fees pursuant to Cal.Civ.Code § 1717 which, in effect, provides that "in any action on a contract" with a one-way attorney's fees provision, the prevailing party will be awarded attorney's fees whether or not it was the stated beneficiary of the attorney's fees provision. Cal.Civ.Code § 1717 was designed to "remedy the unfairness of unilateral attorney fees clauses usually inserted by the party with superior bargaining power." *Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.*, 121 Cal.App.3d 447, 176 Cal. Rptr. 546 (1981). The statute thus by implication makes the unilateral provision for attorney's fees a two-way street.

Appellants argue that a fraudulent transfer action is not an "action on a contract" within the meaning of Cal.Civ.Code § 1717. *Cf. In re Consolidated Capital Equities Corp.*, 143 B.R. 80, 84 (Bankr.N.D.Tex.1992) (stating, for purposes of determining whether a contract's choice of law provision applies, that "[a] suit to avoid a fraudulent transfer is not a suit on a contract").

The trial court principally relied on *Star Pacific* as support for the award of attorney's fees. In *Star Pacific*, a purchaser of an option agreement successfully brought an action to cancel his agreement with the seller. Although the purchase agreement did not contain an attorney's fee clause, the deed of trust between the purchaser and the seller required the purchaser to pay attorney's fees in any action in which the seller appeared. Therefore, in order to satisfy the purposes of Cal.Civ.Code § 1717 (that is, mutuality of obligation between the parties), the trial court awarded attorney's fees to the plaintiff and the seller appealed.

The court of appeals rejected the seller's argument that the award of attorney's fees was improper because the complaint was based solely in tort and thus was not an action on the contract. The court stated that:

> [f]raud (in the form of intentional misrepresentation) may provide a basis for a remedy either in a tort action or in a contract action. Fraud may render a contract void or may be a grounds for rescission or reformation. It is well established that where the plaintiff contracts in reliance upon the fraud of the defendant, he may elect either the contract remedy, consisting of restitution based on rescission or the tort remedy, by affirming the contract and seeking damages. Here, Star Pacific was not awarded any damages; clearly the essence of its judgment ... was to rescind the ... agreement between the parties. The basis of the judgment was not upon a cause of action in tort....

*Star Pacific*, 176 Cal.Rptr. at 553–54 (citations and footnotes omitted). *But see In re Coast Trading Co., Inc.*, 744 F.2d 686, 693 (9th Cir.1984) (finding that plaintiffs who sought to rescind two contracts were not entitled to attorney's fees because "while both contracts provided for attorneys' fees, this action was not one for the enforcement of the contracts.... [The plaintiff] has not attempted to enforce the contract but rather to rescind it").

The bankruptcy court also relied on *Washington v. Baenziger*, 673 F.Supp. 1478 (N.D.Cal.1987). In *Baenziger*, a professional baseball player successfully sued his investment adviser and agent alleging, *inter alia*, fraud. The court found that the suit was "on the contract" within the meaning of Cal.Civ. Code § 1717 and that the plaintiff was entitled to attorney's fees under that section because he "pled a claim for rescission of the contract and restitution based on the alleged fraud." *Id.* at 1484.

*Star Pacific* and *Baenziger* both stand for the proposition that where a plaintiff brings an action for fraud on a contract, a court can determine whether the action is in effect a rescission action. However, that is not the

---

**6.** Appellants make several alternative arguments. Because of our resolution of the principal issue, however, it is not necessary to reach these issues.

situation here. The fraudulent transfer action here was not a rescission action. Under California law, a "party to a contract may rescind the contract ... [i]f the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal.Civ. Code § 1689(b)(1) (West 1985). In both *Star Pacific* and *Baenziger*, the plaintiff alleged that it had been defrauded by the defendant, either in the inducement or on the performance of the contract. Here, although the court below found that the transfers were made with actual fraudulent intent, the bankruptcy court did not find that the *transferees* defrauded the plaintiff; the court simply was not presented with that issue. In addition, such a finding was not necessary for the viability of a fraudulent transfer action. All that was necessary was the finding that the transfer occurred without adequate consideration and within a certain time frame. Indeed, in this case, neither the debtor, nor the trustee as his successor in interest under section 541, could have recovered a fraudulent transfer nor could a creditor of the estate have prosecuted a rescission action.

■ Whether a party is entitled to attorney's fees under Cal.Civ.Code § 1717 "depends not on the evidence adduced at trial or some interim proceeding, but on the pleadings." *Manier v. Anaheim Business Center Co.*, 161 Cal.App.3d 503, 207 Cal.Rptr. 508, 511 (1984). Here, the trustee's pleadings do not evidence an intent to sue on the contract and thereby seek attorney's fees and, therefore, Cal.Civ.Code § 1717 cannot serve as the basis for the award of attorney's fees in this case.

■ *Tort of another theory.* The trustee also argues that he is entitled to attorney's fees based on the "tort of another" theory: " 'a person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person' is entitled to recover attorney's fees from those parties who caused the suit to be brought." *Baenziger,* 673 F.Supp. at 1484 (quoting *Prentice v. North Am. Title Guar. Corp.,* 59 Cal.2d 618, 620, 30 Cal.Rptr. 821, 381 P.2d 645 (1963)).[7]

In *Baenziger,* the court allowed an award of attorney's fees where the plaintiff claimed that he was required to bring actions against certain parties because of torts committed by other parties. That is not the situation here. First, as discussed above, there has been no finding that the appellants committed a tort. If the only tort was committed by Rothery, the appellants are not the "parties who caused the suit to be brought" as a result of their tortious conduct. Second, if the appellants have committed a tort, the trustee still has not proved his case because he has not alleged that the actions of certain of the appellants have caused him to bring this suit against the other appellants. Unlike *Baenziger,* the trustee here has lumped the appellants together, and alleges that they all committed the torts that required him to bring this action. The tort of another theory does not apply to two-party litigation: "if applied so broadly, the judicial exception would eventually swallow the legislative rule that each party must pay for its own attorney." *Davis v. Air Technical Indus., Inc.,* 22 Cal.3d 1, 148 Cal.Rptr. 419, 582 P.2d 1010, 1013 (1978) (in bank). Therefore, this exception cannot serve as a basis for awarding attorney's fees against the appellants.

*Imposition of sanctions for failure to attend deposition.*

■ Because the trustee did not obtain leave of court to depose Ms. Rothery, Ms.

7. The trustee raises numerous issues for the first time on appeal. Although an appellate court has discretion to consider such issues, *Golden Gate Hotel Assoc. v. City of San Francisco,* 18 F.3d 1482, 1487 (9th Cir.1994), we decline to do so. In addition, the trustee argues that the attorney's fees award should be sustained as a matter of equity. Although the trustee argued before Judge Riddle that equity demanded that he be awarded attorney's fees, the record does not support the trustee's contention that the court's decision was premised in part on equitable considerations. Although the Panel may affirm on any grounds supported by the record, *In re Canino,* 185 B.R. 584, 594 (9th Cir. BAP1995), the Panel does not have sufficient evidence to award attorney's fees on equitable considerations alone.

Rothery claims that the trustee's request for a deposition was in violation of Fed.R.Civ.P. 30(a)(2)(B),[8] which requires a party seeking to take a deposition of a person who has already been deposed in the case to obtain leave of court to do so. The bankruptcy judge ruled that Fed.R.Civ.P. 69(a), which provides for discovery in "aid of the judgment or execution" allows the trustee to take one deposition in aid of the execution of the judgment even if the deponent has already been deposed in the underlying case.

Fed.R.Civ.P. 30(a)(2)(B) became effective in late 1993, and there are no cases interpreting the interaction between that rule and Fed.R.Civ.P. 69(a). As a result, neither Ms. Rothery nor the trustee provides any legal arguments. Assuming without deciding that Fed.R.Civ.P. 30(a)(2)(B) may be utilized in connection with proceedings under Fed. R.Civ.P. 69(a), we are of the view that Ms. Rothery's counsel could have requested that the trustee obtain leave of court, or moved, prior to the deposition, for a ruling from the court on the propriety of the deposition request. *Cf. Christy v. Pennsylvania Turnpike Comm'n,* 160 F.R.D. 51, 52 (E.D.Penn. 1995) (ruling on party's motion for a protective order to prevent second deposition allegedly in violation of Fed.R.Civ.P. 30(a)(2)(B)). Ms. Rothery chose not to do so. The court below did not abuse its discretion when it determined that Ms. Rothery would be liable for attorney's fees where she in effect gambled that her interpretation of the interaction of the rules was correct.

■ Ms. Rothery also claims that the deposition in aid of execution of the judgment was unnecessary because she offered to place $55,000 with the court pending the resolution of her appeal. The trustee counters that Ms. Rothery made this offer only days before the deposition and the amount offered was insufficient to cover all of the amounts due to the trustee.

Ms. Rothery did not seek a stay pending appeal or offer to post a bond. The court below found that Ms. Rothery's offer was "a condition that the plaintiff doesn't necessarily have to live with." Thus, the court apparently found that even if Ms. Rothery intended to place money in a trust account, she did not have the right to fail to attend the deposition once her offer was rejected. In this appeal, Ms. Rothery makes no legal arguments to show that the judge was incorrect in this assessment. Therefore, she has not shown that the bankruptcy court abused its discretion in deciding that Ms. Rothery was required to attend the deposition once her offer was rejected.

■ Finally, Ms. Rothery claims the court was biased against her and her lawyer because of statements made in papers filed with the court. The Supreme Court recently stated:

> judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.... *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

*Liteky v. U.S.,* 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Ms. Rothery has shown no bias comments by the court below that violate this standard.[9]

■ Ms. Rothery also claims that she should not be required to pay for any fees incurred by the trustee's attorneys in preparing for the deposition or for the court reporter's appearance because, on the Friday before the scheduled Monday deposition, she "unequivocally" informed the trustee's attorneys that she would not appear at the deposition. In fact, in a letter dated that Friday,

---

8. Fed.R.Civ.P. 30(a)(2)(B), made applicable to the bankruptcy court by Fed.R.Bankr.P. 7030, states in pertinent part that: "a party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) if ... the person to be examined has already been deposed in the case."

9. Ms. Rothery makes several other arguments, none of which is persuasive. Because Ms. Rothery provides little or no legal support for any of these arguments, we will not discuss them here.

Mr. Leight informed the trustee's attorneys: "If you choose to spend the money on a reporter, you will have unnecessarily wasted that money and there will be no basis for you to recover it."

Mr. Leight's conduct put trustee's counsel in a precarious position. After reviewing the evidence and conduct of the parties, the bankruptcy court determined that it was appropriate to award the amount of sanctions requested by the trustee. Mr. Leight has not convinced us that the bankruptcy court abused its discretion when it awarded sanctions in the amount necessary to allow the trustee's attorneys to recover for time spent in preparing for the deposition.

## CONCLUSION

The bankruptcy court erred when it found that the appellants were liable for the attorney's fees incurred by the trustee when the trustee avoided a fraudulent transfer from the debtor to them. The trustee has failed to show that this action fits within an exception to the general rule that litigants bear their own costs. Despite the fact that the appellants will not be liable for the attorney's fees incurred by the trustee in the fraudulent transfer action, Ms. Rothery still had a duty to appear at the deposition duly scheduled by the trustee. We do not believe appellant has demonstrated that the trial court below was clearly erroneous in imposing sanctions against her and her attorney. Thus, we REVERSE the trial court's imposition of attorney's fees on the appellants and AFFIRM the imposition of sanctions for Ms. Rothery's failure to attend her scheduled deposition.