**Rebecca L. MYERS, Plaintiff,**

v.

**COLGATE–PALMOLIVE COMPANY, Defendant.**

No. 96–4095–SAC.

United States District Court,
D. Kansas.

April 24, 1997.

David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for Rebecca L. Myers.

Janet L. Mark, Hallmark Cards, Inc., Kansas City, MO, Brian J. Clark, Domenique Camacho, Clifton, Budd & DeMaria, L.L.P., New York City, Jack D. Rowe, Charles J. Williams, Patrick M. Gavin, Lathrop & Gage L.C., Kansas City, MO, for Colgate–Palmolive Co.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on a series of motions related to the same discovery dispute, including:

1. Plaintiff's Motion to Compel (doc. 37);

2. Defendant's Motion to Strike Plaintiff's Motion to Compel Written Discovery (doc. 41);

3. Plaintiff's Motion to Substitute Plaintiff's Motion to Compel Filed March 31, 1997 (doc. 43); and

4. Plaintiff's Motion for Extension of Time to File Motion to Compel or in the Alternative, Motion to Compel.

On March 31, 1997, plaintiff filed and served a motion to compel discovery requesting that the court enter an order compelling defendant to answer plaintiff's interrogatories and requests for production of documents. A supporting memorandum was filed, along with a certificate of compliance evidencing that the parties had conferred or attempted to confer in an effort to resolve the discovery dispute as required by Fed. R.Civ.P. 37. On April 9, 1997, immediately prior to the commencement of the final pretrial conference, defendant filed a motion to strike the motion to compel as well as a response to the motion. The court heard oral argument at the time of the final pretrial conference. The following facts now appear to be undisputed:

The discovery in issue was served upon defendant on January 17, 1997. Responses to the discovery were subsequently served on February 24, 1997. The responses included various objections to the discovery. Since the court did not extend the time for the discovery responses, the court can only assume that the parties agreed to an extended response time. Plaintiff does not allege that the responses were untimely. On March 31, 1997, plaintiff filed a motion for an order compelling defendant to answer the outstanding discovery to which objection had been imposed. The certificate of compliance filed to satisfy the requirements of Fed. R.Civ.P. 37 and D. Kan. Rule 37.2 stated:

> Plaintiff has conferred with defense counsel by telephone several times prior to and since the receipt of defendant's responses and finally in person on March 25, 1997. Defendant refuses to supplement its responses. Defendant has made it clear that it will not, voluntarily, provide any additional information.[1]

At the final pretrial conference, defendant's counsel challenged the veracity of the certificate of compliance. Specifically, defense counsel alleged that no attorney representing the defendant conferred in person with plaintiff's counsel on March 25, 1997, and, otherwise, denied discussion of the dispute several times by telephone prior to or since the receipt of defendant's discovery responses. Specifically, defendant's counsel denied any telephone conferences concerning this subject matter after receipt by plaintiff of defendant's responses to the discovery in dispute. Upon inquiry by the court concerning the certificate, plaintiff's counsel stated that he had discussed the discovery dispute with plaintiff's counsel, Domenique Camacho, in his office on March 25, 1997, upon the occasion of the plaintiff's deposition. Ms. Camacho challenged the statement of plaintiff's counsel, asserting that there had been no deposition in the offices of plaintiff's counsel on March 25, 1997, but that the plaintiff's deposition had been taken on or about February 5, 1997, at which time she was present in the offices of plaintiff's counsel. She stated that there had been a deposition of another witness on March 25, 1997, in Kansas City, at which she was not present. Ms. Camacho

---

1. Doc. 39.

further alleged that the numerous telephone calls reported by plaintiff's counsel had not occurred, that there had been no telephone conferences since the service of the discovery responses and that she had not conferred with plaintiff's counsel on March 25, 1997.

Plaintiff's counsel, David Alegria, finally admitted that he had not discussed the discovery dispute on March 25, 1997, as he had certified, but alleged that the remaining sequence of events was as set out in the certificate. After much colloquy between counsel and the court, it appeared that immediately following the service of the discovery there was a conference between plaintiff's counsel and defendant's counsel in the offices of David Alegria in Topeka, Kansas, at the time of the plaintiff's deposition, concerning objections which defendant's counsel suggested might be interposed to the recently served discovery. The telephone calls remained in dispute. The court directed Mr. Alegria to submit a statement to the court identifying the dates of the challenged telephone calls. The court took the motions under advisement.

On the evening of April 10, 1997, plaintiff, through her counsel David Alegria, filed what is titled "Plaintiff's Notice of Withdrawal of Certificate of Compliance Filed March 31, 1997." [2] In that notice, counsel states:

Counsel notifies the court that the dates in the chronology of contacts with defense counsel relative to efforts to resolve defendant's objections to plaintiff's written discovery is erroneous. The chronology was composed through the matching of dates with certain events remembered by counsel. However, the specific events remembered by counsel were matched in error with dates of events which although similar, had occurred on different dates than those stated in the affidavit.

Counsel submits to the court that the chronology presented was the result of innocent mistakes and errors and not intended as a misrepresentation to the court. On April 9, 1997 counsel became aware that the dates in the certificate were incorrect and that the events associated with such dates were incorrectly matched.

Plaintiff also filed a Motion to Substitute Plaintiff's Motion to Compel Filed March 31, 1997,[3] in which plaintiff requests that the court allow plaintiff an additional 30 days within which to confer and to substitute her motion to compel with a motion for an extension of time, which was also submitted. A memorandum in support of the motions was also filed. On April 11, 1997, Mr. Alegria, by letter, responded to the court's direction concerning explanation related to the telephone calls. In that letter he states:

However, although I have had various conversations with counsel on a variety of topics, I have not been able to ascertain the exact dates in which conversations occurred concerning the discovery dispute other that (sic) the two events discussed at the pre-trial conference. Namely, one occasion just prior to the date in which the discovery was due and the other one in person when counsel deposed plaintiff in my office.

The troubling issue before the court is that on March 31, 1997, Mr. Alegria filed a certificate of compliance alleging that on March 25, 1997, after conferring with defense counsel by telephone several times prior to and since the receipt of defendant's responses to plaintiff's discovery, the parties conferred in person. The certificate is specific as to the sequence of events and to the date of the conference. The alleged conference was only six days before the certificate was filed with the court. Mr. Alegria now admits that the conference to which he made reference was on or about February 5, 1997. He also suggests that the only telephone call in which these matters were discussed was before his receipt of the discovery responses. He claims that the chronology presented in the certificate is a result of "innocent mistakes and errors and not intended as a misrepresentation to the court."

Fed.R.Civ.P. 37 provides:

(a) A party, upon reasonable notice to other parties and all persons affected

---

2. Doc. 44.

3. Doc. 43.

thereby, may apply for an order compelling disclosure or discovery as follows:

. . . .

(2) Motion.

. . . .

(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. **The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.** (Emphasis added.)

D. Kan. Rule 37.2 provides:

Every certification required by Fed. R.Civ.P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe the steps taken by all counsel to resolve the issues in dispute.

■ At the time of filing the certificate of compliance, plaintiff's counsel was aware that the certificate was required prior to the court's consideration of the motion, and that specific facts related to the attempts to resolve the dispute must be contained within the certificate. Counsel was obviously aware that the court would rely on his factual statement in determining whether the parties had made sufficient efforts to attempt to resolve the dispute in good faith, prior to the filing of the motion. Mr. Alegria signed the certificate of compliance. The facts to which he certified were false. It cannot be seriously questioned that on March 31, 1997, Mr. Alegria knew that there had been no conference on March 25, 1997, during which he conferred with defense counsel concerning the discovery dispute. Further, on March 31, 1997, at the time he signed the certificate of compliance, Mr. Alegria knew that there had not been a series of telephone conferences related to this discovery dispute and that there had been no telephone conferences after receipt of the defendant's responses to the disputed discovery. His certificate is false. The misrepresentation is obvious. It is not the result of "innocent mistakes and errors." Counsel has provided absolutely no explanation for the blatant misrepresentation of facts. Although given the opportunity to identify telephone calls in which the discovery dispute was discussed with opposing counsel, he is unable to identify any such calls. He now seems to believe that he can simply withdraw the falsely made certificate of compliance, obtain additional time to confer and proceed as if this unfortunate matter had never occurred. Had this been a case of a simple error with respect to the date on which a conference had taken place, the court might view the matter differently. Certainly, had the date of the alleged conference not been only six days prior to the execution of the certificate, the court might understand an "innocent" mistake. Had plaintiff's counsel readily admitted at the time of the pretrial conference that the certificate was in error and provided any reasonable explanation for such error, the court might understand. However, Mr. Alegria originally attempted to stand by the certificate, then, when repeatedly confronted with challenged facts, finally admitted that the contacts did not occur. What is now obvious is that Mr. Alegria had no contact concerning the objections submitted by the defendant following the date on which the responses were served, February 24, 1997, and prior to the filing of the motion, a period of approximately 30 days. Notwithstanding that Mr. Alegria was in deposition with defendant's counsel on March 25, 1997, during which two of defendant's employees were deposed for a period of approximately eight hours, Mr. Alegria did not attempt to confer with defendant's counsel concerning the discovery dispute.

The claim that the misrepresentation was inadvertent simply stretches the court's imagination beyond its elasticity when con-

fronted with the facts before the court. The court finds that plaintiff did not comply with the requirements of Fed.R.Civ.P. 37(a)(2)(B) and D. Kan. Rule 37.2. Plaintiff did not attempt to confer with defendant in an effort to resolve the dispute without court intervention. The certificate which the plaintiff's counsel filed was false. It was either wilfully false or recklessly made without regard to its truthfulness.

 The court finds that the conduct of plaintiff's counsel in this case is so outrageous that sanctions must be imposed. Not only did counsel not comply with the rules of this court to confer prior to submission of the discovery dispute, counsel may have violated the provisions of MODEL RULES OF PROFESSIONAL CONDUCT Rule 3.3(a) which provide:

> A lawyer shall not knowingly: (1) make false statement of material fact or law to a tribunal; ... (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

Sanctions may include a report to the Disciplinary Administrator for the State of Kansas concerning the violation of the Model Rules of Professional Conduct or the disciplinary panel of this court, monetary sanctions or other appropriate sanctions. Mr. Alegria shall show cause, in writing, on or before **May 5, 1997,** to United States Magistrate Judge Ronald C. Newman, 475 U.S. Courthouse, 444 SE Quincy, Topeka, Kansas 66683, in accordance with the provisions of D. Kan. Rule 11.1, why sanctions should not be imposed against him.

The court finds that due to plaintiff's failure to file a certificate of compliance in accordance with Fed.R.Civ.P. 37(a)(2)(B) and D. Kan. Rule 37.2, as a part of the motion to compel, the motion (doc. 37) must be overruled. Defendant's Motion to Strike Plaintiff's Motion to Compel Written Discovery (doc. 41) is, therefore, moot. Plaintiff's Motion to Substitute Plaintiff's Motion to Compel Filed. March 31, 1997 (doc. 43) is overruled for the reasons set forth herein. Plaintiff's Motion for Extension of Time to File Motion to Compel or in the Alternative,

Motion to Compel is, consequently, overruled due to the court's action on the Motion to Substitute Plaintiff's Motion to Compel Filed March 31, 1997.

IT IS SO ORDERED.