In re Jack Steven SPEARS, Debtor,

Wayne Brown, Plaintiff,

v.

Jack Steven Spears, Defendant.

Bankruptcy No. 00–21260.
Adversary No. 01–4079.

United States Bankruptcy Court,
W.D. Missouri.

July 31, 2001.

Ted L. Tinsman, Springfield, MO, for Debtor.

George T. Johnson, Kansas City, MO, trustee.

Sherri L. Wattenbarger, Office of U.S. Trustee, Kansas City, MO, for UST.

### MEMORANDUM ORDER DENYING DEFENDANT'S RULE 37 MOTION

FRANK W. KOGER, Bankruptcy Judge.

This matter is before the Court on the motion filed by the defendant, Jack Steven Spears, pursuant to Federal Rule of Civil Procedure 37, which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7037, seeking sanctions for the failure of the plaintiff, Wayne Brown, to answer interrogatory questions (the "Motion"). By the time the Motion was heard on July 17, 2001, Brown had submitted the past-due answers to

counsel for Spears, but Spears pursued his request that the Court sanction Brown by striking Brown's adversary complaint and then entering either a default judgment or summary judgment in Spears' favor. Following the hearing, the Court took the matter under advisement. For the following reasons, the Court will deny the Motion.

### Factual Background

On October 23, 2000, Jack Steven Spears filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, Wayne Brown sought and this Court granted an extension of time in which to file a complaint to determine dischargeability of debt. On March 16, 2001, Brown timely filed a complaint to determine dischargeability of debt under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6). This Court issued a Pretrial Order and Notice of Trial in which the trial date was set for May 23, 2001. This Pretrial Order also stated in paragraph three that: "Discovery *may commence immediately and, unless otherwise ordered,* shall be completed 15 days prior to trial." Upon Brown's motion, the Court continued the trial date to July 17, 2001. On May 2, 2001, Spears filed a certificate of service reflecting that he had served Brown with a first set of interrogatories, which consisted of sixteen questions. When Spears did not receive answers to these interrogatories within the 30–day period provided for by Federal Rule of Civil Procedure 33(b), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7033, counsel for Spears sent a letter to counsel for Brown that was dated June 19, 2001, advising that the answers were due the first part of June, but had not been received. Counsel for Brown failed to respond, which prompted Spears on July 5, 2001, to file the Motion with the Court. The Court continued the trial of the adversary complaint indefinitely, and scheduled a hearing on the Motion for July 17, 2001. On July 6, 2001, Brown filed a certificate of service with the Court in which he advised that he had mailed the answers to the interrogatories to Spears on that date. On July 11, 2001, Brown filed a response to the Motion asserting the Court should not impose sanctions.

At the hearing on the Motion, counsel for Spears advised that he had received the answers by mail and by facsimile, but pointed out that the answers were signed by Brown on May 31, 2001. Spears maintained that Brown's adversary complaint should be stricken and the Court should enter either a default judgment or summary judgment in his favor pursuant to Federal Rule of Civil Procedure 7037 because the interrogatories were received less than 15 days prior to trial in violation of paragraph three of this Court's Pretrial Order.

Counsel for Brown advanced several reasons to excuse the failure to timely answer the interrogatories. Brown's counsel stated that this was a complex case involving a number of issues and documents; that Spears' counsel had served an extensive set of interrogatories, which asked for witnesses, exhibits and witnesses' testimony; that Brown is a resident of Texas, and he was required to send the interrogatories to Texas after he received them; thereafter Brown began working on the answers, but he had to speak with Brown several times in May and June in an attempt to get Brown to respond; and, finally, that Brown sent the answers to his office, but they sat in the office for several days during which time he thought they had been mailed to Spears. When counsel for Brown discovered they had not been mailed to Spears, he immediately mailed them and sent them by facsimile to Spears. Counsel apolo-

gized for the delay in answering the interrogatories, and stated in hindsight that he should have filed a request for an extension of time in which to serve the answers. Counsel stated that he did not have all the answers to the interrogatories from Brown until after receiving the June 19, 2001 letter from Spears' counsel. Counsel requested that the Motion be denied asserting that Spears failed to comply with Federal Rule of Civil Procedure 7037(a)(2)(A) in that Spears failed to obtain an order from this Court compelling Brown to respond to the interrogatories, and failed to include in the Motion a certification that he had notified Brown's counsel of the discovery problem. Counsel for Brown also contended that the Motion failed to comply with Federal Rule of Bankruptcy Procedure 7056.

### Discussion

The resolution of this matter is governed by Federal Rule of Civil Procedure 7037(d), which provides in pertinent part that:

> If a party ... fails ... (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) ... of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Federal Rule of Civil Procedure 7037(b)(2) provides in relevant part that:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

It is within the bankruptcy court's discretion to impose sanctions under Federal Rule of Civil Procedure 7037. *See In re Summit Corp.*, 891 F.2d 1, 6 (1st Cir.1989); *Rothery v. Marshack (In re Rothery)*, 200 B.R. 644, 649 (9th Cir. BAP 1996). Rule 37 "offers the Court a great deal of discretion and flexibility in the award of sanctions, including entry of default and judgment.... The imposition of costs and fees is generally considered to be a 'lesser' sanction." *Fureigh v. Haney (In re Haney)*, 234 B.R. 743, 745 (Bankr. E.D.Ark.1999) (citations omitted). "The

sanction of dismissal or default judgment under Rule 37 is undeniably a severe penalty. Such a sanction is usually appropriate only where a lesser sanction would not serve the interest of justice." *In re Olson,* 105 B.R. 654, 656 (D.Kan.1989) (citation omitted). *See also League v. Graham (In re Graham),* 191 B.R. 489, 496 (Bankr.N.D.Ga.1996)(dismissal appropriate when the party's conduct amounts to "flagrant disregard and willful disobedience").

In *Sullivan v. Liberty Sav. & Loan Assoc., Inc. (In re Sullivan),* 65 B.R. 578, 579 (Bankr.M.D.Fla.1986), the bankruptcy court opined:

> [Rule 37(d)] leaves no doubt that a party to whom interrogatories are addressed must respond either by objection or by furnishing the answers requested. The Court may impose sanctions if the party fails to comply even without entry of an order compelling compliance. F.R.C.P. 37(d) makes it clear that a party properly served with interrogatories has an absolute duty to respond, either by service of answers or objections to interrogatories, and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation.

Based on the foregoing, it's clear that the Debtor's argument that an order to compel discovery is a prerequisite to an imposition of sanctions is without merit. "[T]here must be an order under subdivision (a) before sanctions are imposed under (b), while under (d) the party aggrieved moves directly for the imposition of sanctions." 4A *Moore's on Federal Practice* ¶ 37.05 at 37–100 (2d ed. 1981)....

 In this instance, an order from this Court compelling Brown to answer the interrogatories was not required before Spears was entitled to file the Motion with the Court. However, the fatal defect in Spears' Motion which prevents the Court from considering the imposition of sanctions is the failure of Spears' counsel to attach a certification that he in good faith conferred or attempted to confer with counsel for Brown prior to seeking Court intervention. Federal Rule of Civil Procedure 37(d) expressly requires that "[a]ny motion specifying a failure [to serve answers or objections to interrogatories submitted under Rule 33] shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action." An example of the certificate required by Rule 37(d) can be found in 8A Fed. Proc. Forms § 23:598 (2001). *See also* 7 *Moore's Federal Practice* § 37.05[4] at 37–33 (3d ed.1997). The certificate of compliance mandated by Rule 37(d) must be attached to a Rule 37(d) motion or the Court simply cannot consider the motion. *See Myers v. Colgate–Palmolive Co.,* 173 F.R.D. 296, 299 (D.Kan.1997)("[T]he certificate was required prior to the court's consideration of the [Rule 37(d)] motion."); *Blue Grass Steel, Inc. v. Miller Bldg. Corp.,* 162 F.R.D. 493, 495 (E.D.Pa.1995)("Rule 37(d) specifically requires a certification of a good faith effort to resolve written discovery disputes before recourse to the Court. There is no such certification attached to this Motion. Therefore, we do not consider Blue Grass's failure to respond timely to Miller's written discovery."); 7 *Moore's Federal Practice* § 37.95 at 37–152 (3d ed. 1997)("Courts have refused to consider motions for Rule 37(d) sanctions on the grounds that the moving party failed to include the required certification."). *See also Speidel v. Bryan,* 164 F.R.D. 241, 244 (D.Or.1996)(court denied Rule 37(d) motion because movant failed to attach certificate required by local rule stating counsel were

unable to resolve the discovery dispute despite a sincere effort to do so).

Additionally, Rule 7026–1.D of the Local Rules of Practice for the United States Bankruptcy Court for the Western District of Missouri applies to this matter. Local Rule 7026–1.D states:

> **Discovery Motion.** The Court will not entertain motions on a discovery dispute until parties have complied with the following:
>
> 1. Movant's counsel has conferred, or made reasonable efforts to confer, and communicated in writing with opposing counsel in a sincere effort to resolve the dispute. Counsel shall certify compliance with this Rule in any discovery motion, detailing efforts to resolve the dispute before the motion.
>
> 2. After compliance with subsection (1), the parties shall request an expedited discovery conference with the Court, which may be by telephone or in chambers. If the dispute is not resolved by conference, a discovery motion may be filed.

Here, counsel for Spears failed to follow the requirements of Local Rule 7026–1.D, which also requires the Court to deny the Motion.

### Conclusion

Based on the above discussion, the Motion to Strike Pleadings and Enter Default Judgment/Summary Judgment is DENIED.

The foregoing Memorandum Order constitutes Findings of Fact and Conclusions of Law as required by Fed. R. Bankr.P. 7052.