**BLUE GRASS STEEL, INC.**

v.

**MILLER BUILDING CORPORATION.**

**Civ. A. No. 95–CV–2084.**

United States District Court,
E.D. Pennsylvania.

July 31, 1995.

Michael C. Deschler, Littner, Deschler & Littner, Bethlehem, PA, for plaintiff.

Paul D. North, Jr., Weaver, Mosebach, Piosa, Hixson & Marles, Allentown, PA, for defendant.

**MEMORANDUM**

JOYNER, District Judge.

Defendant, Miller Building Corporation, requests this Court to sanction Plaintiff, Blue Grass Steel, Inc., under Fed.R.Civ.P. 37(d) for failure to comply or participate in discovery and for otherwise failing to participate in this action.  The sanctions Miller seeks are a dismissal of the Complaint against it and a default judgment in its favor on the Counterclaim it has brought against Blue Grass.  In the alternative, Miller seeks an extension of the discovery period for it, but a bar of discovery for Blue Grass.  Rule 37(d) provides:

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action.

Fed.R.Civ.P. 37(d).

The uncontested facts[1] are that Blue Grass, a subcontractor, brought this breach of contract action against its former general contractor, Miller, in Pennsylvania state court. Miller removed the action to this Court in April, 1995. We entered a Scheduling Order in April that established a discovery deadline of July 13, 1995.

On May 16, 1995, Miller served Blue Grass with a request for production of documents and things, and a set of interrogatories. Responses to these requests were due thirty days later. In June, 1995, Miller served Blue Grass with its Self–Executing Disclosures pursuant to section 4:01 of this District's Civil Justice Expense and Delay Reduction Plan. By mid-July, 1995, Miller still had not received any discovery from Blue Grass.

More important to Miller, though, was that on June 28, 1995, Miller noticed a Rule 30(b)(6) deposition of Blue Grass for July 7, 1995. According to Blue Grass, Miller did not verify the Blue Grass designee's availability before choosing the date. Both sides agree that Blue Grass's Counsel called Miller's Counsel on July 6, 1995 to tell him that no representative was available for the deposition the next day. Instead, Blue Grass proposed rescheduling the deposition for July 17, 1995. Miller objected to this delay because the deposition would then take place after the discovery deadline. In fact, no Blue Grass representative did appear for the noticed deposition.

To date, Blue Grass has not made any discovery requests of its own, although its Counsel represents to this Court that it responded to Miller's written discovery on July 21, 1995, the day after it filed its response to this Motion. The Rule 30(b)(6) deposition has apparently still not taken place.

Miller's motion is made as a result of these discovery defects. Miller argues that Blue Grass's inaction demonstrates a flagrant disregard of the discovery rules and this Court's Orders. It suggests that these violations are significant enough to justify the drastic sanction of dismissing the action. Fed.R.Civ.P. 37(b)(2)(C); (d); 8A Charles A. Wright, *et al., Federal Practice and Procedure,* § 2291 at 714 (1994).

In response, Blue Grass asserts that it failed to timely respond to Miller's written discovery because Blue Grass is a "one-man operation," consisting only of William Jacobs, the president of the corporation. Because Mr. Jacobs is the only employee of the corporation, he allegedly works and travels constantly for the corporation, and so was unable to respond to Miller's discovery requests.

With respect to the missed deposition, Blue Grass's Counsel informs this Court that he received the notice on June 29, 1995. When he tried to telephone Mr. Jacobs, the number he had was disconnected. Accordingly, Blue Grass's Counsel mailed the notice to Mr. Jacobs, in Kentucky. Mr. Jacobs's wife received the notice on July 6, 1995, the day before the deposition. Mr. Jacobs was working in Ohio at that time, and so was unable to attend the deposition in Pennsylvania the next day.

---

1. Any contested facts are noted as such.

*Analysis*

■ With respect to Blue Grass's failure to timely respond to Miller's written discovery, Miller's arguments are not properly before this Court. This is because Rule 37(d) specifically requires a certification of a good faith effort to resolve written discovery disputes before recourse to the Court. There is no such certification attached to this Motion. Therefore, we do not consider Blue Grass's failure to respond timely to Miller's written discovery. We note however, that according to the record, Blue Grass never attempted to obtain an extension of the discovery period so as to allow it to timely file discovery responses. Instead, its response only came after a Motion for Sanctions was filed. The excuse of inadequate time, therefore, would appear to be inadequate.

■ With respect to the missed deposition, we find Blue Grass's explanation unpersuasive. It is no comfort to this Court or to Miller that Blue Grass's counsel could not reach his client except by mail during the discovery period. Further, Blue Grass's counsel did not attempt to ease the burden on his client by seeking a protection order from the deposition, or any other type of relief, including an extension of the discovery deadline.

Further, according to the record before us, Blue Grass has at no point made any self-executing disclosures to Miller, nor noticed any depositions or served any discovery requests.

Based on the above, we do not find that Blue Grass's discovery violations are egregious enough to warrant dismissal of its claim. Part of this finding is based on the fact that Miller allegedly now has the written discovery it had requested. We do find, however, that some sanction is warranted. Rule 37(d) permits us to make "such orders in regard to the [discovery] failure as are just." We therefore award Miller the attorney's fees and costs it incurred in making this Motion, as well as the Motion for a Stay of the Scheduling Order.[2] In addition, we

extend the discovery deadline in one respect only, to order a Rule 30(b)(6) representative of Blue Grass to appear for a deposition within fifteen days of the date of this Order. The deposition date shall be mutually agreed upon by counsel and their clients. All other dates in the Scheduling Order will be extended by approximately thirty days, as explained in the attached Order. Because the discovery period has passed and because Blue Grass did not make any discovery requests nor sought an extension of time, we take it that it does not need any discovery of Miller, and accordingly, Blue Grass is precluded from taking any discovery.

An appropriate Order follows.

### ORDER

AND NOW, this 31st day of July, 1995, upon consideration of Defendant's Motion for Sanctions against Plaintiff Blue Grass Steel, Inc., and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART, as explained in the attached Memorandum. Defendant is hereby ORDERED to submit to Plaintiff a bill of attorney's fees and costs incurred in making this Motion and the Motion for Stay of the Scheduling Order within ten days of the date of this Order's entry. Plaintiff is hereby ORDERED to pay the amount of the bill to Defendant within fifteen days of the date it receives the bill, or serve objections to the bill within the same time. It is hereby FURTHER ORDERED that this Court's April 14, 1995 Scheduling Order is AMENDED as follows:

(1) The discovery deadline remains July 13, 1995, except that the time in which Miller may take the deposition of Blue Grass's Rule 30(b)(6) designee is extended to a date fifteen days after the date of this Order's entry.

(2) Parties must identify and submit curriculum vitae for expert witnesses on or before August 17, 1995.

(3) The Parties must exchange trial exhibits on or before August 18, 1995.

**2.** This Motion was brought as a direct result of the delay Blue Grass caused in the discovery process.

(4) Expert Reports must be served by Plaintiff on or before August 25, 1995 and by Defendant on or before September 1, 1995.

(5) The Parties must file any summary judgment motions on or before September 11, 1995.

(6) The Parties must file a Joint Pretrial Memo on or before September 21, 1995.

(7) This case shall be placed in the Court's trial pool on September 27, 1995.

Upon further consideration of Defendant's Motion for Stay of Scheduling Order with Respect to Defendant Miller Building Corporation (doc. no. 8) is hereby DENIED as MOOT.