**GRAND OAKS, INC., Plaintiff,**

v.

**A.W. ANDERSON and Jerry Hollingsworth, Defendant.**

**Civil Action No. 3:94cv159–D–A.**

United States District Court, N.D. Mississippi, Western Division.

Sept. 12, 1997.

---

**MEMORANDUM OPINION**

DAVIDSON, District Judge.

By order dated September 9, 1997, United States Magistrate Judge S. Allan Alexander granted the motion of the plaintiff to compel the deposition of the defendant Arthur W. Anderson. *Grand Oaks v. Anderson, et al.*, Civil Action No. 3:94cv159–D–A (N.D.Miss. Sep. 9, 1997) (Order Granting Motion to Compel Deposition). After being noticed for deposition by the plaintiff, counsel for Mr. Anderson informed plaintiff's counsel that Mr. Anderson would not appear for deposition as noticed. The plaintiff then moved this court to compel Mr. Anderson's attendance at the deposition. As the undersigned was and is currently engaged in conducting a criminal trial, the court referred the matter to Magistrate Judge Alexander for disposition.

After a hearing at which both sides were given the opportunity to present evidence and argument, the Magistrate Judge concluded that the defendant had failed to present sufficient evidence to the court that Mr. Anderson was *in fact* cognitively impaired such that he is incapable of representing his own interests at trial or of testifying at trial or at a deposition. Consequently, Magistrate Judge Alexander ordered that defendant Anderson be produced for deposition no later than Thursday, September 11, 1997, subject only to concerns regarding the physical comfort of Anderson during the taking of that deposition. Defendant Anderson now objects to that order of the Magistrate Judge, and seeks from this court a stay of the Magistrate Judge's order.

## I. Standard of Review

When reviewing a non–dispositive order issued by a Magistrate Judge such as the one at bar, this court gives substantial deference to the findings of the Magistrate Judge. Fed.R.Civ.P. 72(a) ("The district judge to whom the case is assigned shall consider such objections [to the Magistrate Judge's order] and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995).

## II. Discussion

### A. Ruling on Motion to Compel Deposition

After due consideration of the matters presented before the Magistrate Judge,

this court cannot say that the September 9 order of Magistrate Judge Alexander is either clearly erroneous or contrary to law. The only direct evidence before the Magistrate Judge were statements from a treating physician of Mr. Anderson which note that Mr. Anderson is undergoing a treatment regimen of non–narcotic medications [1] which "may" substantially affect his cognitive thought processes. It was certainly reasonable for the Magistrate Judge to deem this speculative evidence insufficient to establish that Mr. Anderson is *in fact* cognitively impaired. The undersigned has also found this identical quantum of proof insufficient [2] when defendant Anderson previously moved for a continuance of prior trial date of this matter. *Grand Oaks,* Civil Action No. 3:94cv159–D–A (N.D. Miss. June 10, 1997) (Order Denying Motion to Continue Trial).

Also, the court notes that at the hearing of this matter before the Magistrate Judge, defendant Anderson strenuously opposed the plaintiff's motion for the appointment of a *guardian ad litem* to act on Mr. Anderson's behalf, and even offered as an alternative that Anderson be permitted to execute a power of attorney to authorize his counsel to make traditional decisions generally reserved for the client. In essence, by making this argument, defense counsel represents to this court that Mr. Anderson is sufficiently competent to represent his own interests without the assistance of a *guardian ad litem,* and is sufficiently competent to execute an enforceable power of attorney. If Mr. Anderson is mentally capable in these matters, the court fails to see how he cannot capably testify in his own behalf.

The court takes note of the plaintiff's contentions that the defendant is merely seeking to delay this matter so that related, parallel Tennessee litigation may be brought to trial first. Apparently, trial is set to begin in the Tennessee cause in early October of this year, less than two weeks after the trial of this matter is scheduled to begin. The court does finds relevant a noticeable absence of evidence before the Magistrate Judge that the defendant Anderson has petitioned for a continuance or other special dispensation from the Tennessee court in light of Anderson's alleged impaired cognitive abilities.

■ Anderson also challenges this court's authority to compel him to testify at a deposition for potential use at the trial of this matter:

> [I]t is inescapable that what the Magistrate Judge is actually doing is commanding in essence court room testimony by the Defendant in a civil cause of action.

Defendant Anderson's Objections, unnumbered page 3. This is precisely what the Magistrate Judge has done, and contrary to the unsupported asseverations of Mr. Anderson, the Magistrate Judge most assuredly has the authority to issue such an order. This court wields broad discretion in discovery matters. *See, e.g., Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir.1996); *Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir.1991). Indeed, the undersigned finds the order particularly appropriate in light of this court's previous order which stated in part

> that Mr. Hodges shall thereafter file supplemental reports regarding defendant Anderson and his capability to testify on a

---

1. The proof fails to even demonstrate what particular medications that Mr. Anderson is taking, only that they are non–narcotic.

2. Mr. Anderson argues to the undersigned that this court previously found this evidence of the potential limitations on his cognitive abilities sufficient, for it did in fact continue trial of this matter. *Grand Oaks,* Civil Action No. 3:94cv159–D–A (N.D. Miss. June 16, 1997) (Order Continuing Trial). That this court might have previously exercised its broad discretion to continue the trial of this matter, thereby giving additional time for the parties and the court to

determine Mr. Anderson's capability to testify and represent his interests, does *not* mandate a determination that Mr. Anderson is incompetent to testify. Indeed, even though the defendants have had approximately three months to obtain more definitive proof of any cognitive limitation that Mr. Anderson may *in fact* have, they have apparently wholly failed to do so. In any event, as this court has already noted, this court's review of the Magistrate Judge's order is not *de novo,* but limited to a "clearly erroneous" standard.

bi–weekly basis, so that the parties may take a trial deposition of Mr. Anderson as soon as possible.

*Grand Oaks,* Civil Action No. 3:94cv159–D–A (N.D. Miss. June 16, 1997) (Order Continuing Trial). Mr. Anderson has no generalized protection from compulsion to testify in this cause, and the plaintiff may utilize the subpoena power of this court to compel both his attendance and testimony once trial of this matter begins. Mr. Anderson has presented this court with numerous pieces of evidence indicating that his *physical* health continues to deteriorate with no real hope of future improvement, and this court fully anticipated the deposition of Mr. Anderson to be admitted into evidence at the trial of this matter so that he could avoid the more strenuous experience of testifying at trial. Even if a deposition is ultimately not attainable before the trial of this matter, Mr. Anderson's previous deposition from a separate proceeding may be admissible. Fed.R.Evid. 804(a)(2); 804(b)(1). The potential admissibility of deposition testimony may even be an issue should Mr. Anderson choose not to appear at the trial of this matter at all. Fed.R.Evid. 804(a)(5) (stating declarant "unavailable" for hearsay purposes if "absent from the hearing and the proponent of the statement has been unable to procure the declarant's attendance ... by process or other reasonable means.").

When considering the unique history of this case, and the lack of evidence before the court that Mr. Anderson's cognitive abilities are in fact impaired, the court finds that taking the trial deposition of Mr. Anderson even at this late juncture of the proceedings is an appropriate and reasonable step to guard against contingent problems which may arise at trial. This court finds that the order of the Magistrate Judge in this regard is neither clearly erroneous nor contrary to law.

### B. Sanctions Against Mr. Anderson

Finally, Mr. Anderson objects to the imposition of sanctions against him. More particularly, the Magistrate Judge ordered Anderson to pay "the plaintiff's reasonable attorney's fees and expenses in obtaining this order." *Grand Oaks,* Civil Action No.

3:94cv159–D–A (N.D.Miss. Sep. 9, 1997) (Order). It is Mr. Anderson's contention that the Magistrate Judge lacked the authority under Fed.R.Civ.P. 37 to issue such a sanction, in part because Rule 37's certification requirement was not met in this case. Fed.R.Civ.P. 37(d) (stating that prior to issuance of sanction, movant "shall include a certification that the movant has in good faith conferred or attempted to confer" with party refusing to comply with discovery). The plaintiff responds that the Magistrate Judge did indeed have the power to sanction the defendant, but not under Rule 37. Instead, Grand Oaks charges, the court's inherent power empowered Magistrate Judge Alexander with the ability to sanction Mr. Anderson.

 This court need not address the plaintiff's contention that the court's inherent powers to control the course of litigation before it justifies the Magistrate Judge's order, for the undersigned finds that the Magistrate Judge was required to sanction Mr. Anderson under the auspices of Fed.R.Civ.P. 37(d) unless she made certain specific findings. Contrary to Anderson's argument, the good faith certification requirement does not restrict a sanction for a "failure to appear" for deposition under subsection (1) of Rule 37(d). Fed.R.Civ.P. 37(d) ("Any motion specifying a failure *under clause (2) or (3)* of this subsection shall include a certification ... ") (emphasis added); *Blue Grass Steel, Inc. v. Miller Bldg. Corp.,* 162 F.R.D. 493, 494 (E.D.Pa.1995) ("Rule 37(d) specifically requires a certification of a good faith effort to resolve *written* discovery disputes before recourse to the Court.") (emphasis added). As such, as the Magistrate Judge granted the plaintiff's motion to compel, she had no choice but to sanction Mr. Anderson in the absence of making certain specific findings:

In lieu of any order or in addition thereto, the court *shall require* the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure *unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.*

Fed.R.Civ.P. 37(d) (emphasis added). The Magistrate Judge made no findings that Anderson's refusal to stand for deposition "was substantially justified or that other circumstances [made] an award of expenses unjust," nor can this court find error in her failure to do so. The undersigned finds that the provision of the Magistrate Judge's order sanctioning Mr. Anderson is neither clearly erroneous nor contrary to law, and shall not be disturbed by this court.

### III. Conclusion

Upon careful consideration of the record in this cause, the submissions of the parties, and the order of the Magistrate Judge, this court cannot say that any portion of the Magistrate Judge's order of September 9, 1997 is either clearly erroneous or contrary to law. As such, the court shall overrule the objections to that order filed by the defendant Arthur Anderson and shall deny his motion to stay. This court shall not disturb the order of the Magistrate Judge except to modify the date by which Mr. Anderson shall appear for deposition.

A separate order in accordance with this opinion shall issue this day.

*ORDER OVERRULING OBJECTIONS TO ORDER OF MAGISTRATE JUDGE AND DENYING MOTION TO STAY*

Pursuant to a memorandum opinion issued this day, it is hereby ORDERED THAT:

1) the objections of the defendant A.W. Anderson to the September 9, 1997 order of United States Magistrate Judge S. Allan Alexander are hereby OVERRULED;

2) the "Motion to Stay" filed by the defendant A.W. Anderson is hereby DENIED; and

3) the defendant A.W. Anderson is hereby ORDERED to make himself available for a trial deposition by the plaintiff no later than Tuesday, September 16, 1997. Counsel for the plaintiff is directed to accommodate Mr. Anderson's physical condition insofar as reasonably possible, taking the deposition at whatever reasonable location and in whatever reasonable manner is necessary to make

the deposition convenient and comfortable for Mr. Anderson. Mr. Anderson is reminded by this court that he has already been sanctioned by the Magistrate Judge for his refusal to be deposed, and should he fail to comply with today's order by the court, a more serious sanction may be applied against him and his counsel.