MEMORANDUM ***
Chapter 7 debtor Ruth Searles appeals from the decision of the Bankruptcy Appellate Panel, which affirmed the bankruptcy court’s order denying her a discharge, pursuant to 11 U.S.C. § 727(a)(2)(B) & (a)(4)(A), and awarding the Chapter 7 trustee a monetary judgment. After a trial, the bankruptcy court found that Ms. Searles and her husband (who was not a debtor in the bankruptcy) failed to list assets on the Chapter 7 schedule and attempted to conceal those assets from the trustee, that the Searles had prevented the proceeds of a sale of an insurance agency from becoming property of the estate, and that the Searleses had spent a significant amount of the money that had been in their bank accounts rather than turning it over to the trustee.
Taking these facts into consideration, the bankruptcy court found that Ms. Searles and her husband intentionally “hinder[ed], delay[ed] or defraud[ed]” the trustee “by transferring, removing, destroying or concealing or permitting to be transferred, destroyed, removed or concealed property of this estate, including, but not limited to, the insurance agency proceeds, the bank accounts and the motor vehicles.” Therefore, the court denied Ms. Searles a discharge pursuant to 11 U.S.C. § 727(a)(2)(B) (providing for denial of discharge if the “debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted [those acts as to] ... property of the estate, after the date of the filing of the petition[.]”). The court also denied a discharge pursuant to 11 U.S.C. § 727(a)(4)(A) (providing for denial of discharge if the “debtor knowingly and fraudulently, in or in connection with the ease ... made a false oath or account.”). Finally, the court ordered the Searleses to pay the trustee $15,106.77, the amount of money that the court found they *591 had received but not turned over to the trustee.
We do not find clear error in the bankruptcy court’s finding that Ms. Searles acted intentionally to “hinder, delay or defraud” the trustee by concealing and destroying assets of the estate. Indeed, that finding is supported by evidence. First, Ms. Searles omitted the insurance agency proceeds and a vehicle from the Chapter 7 schedules despite the fact that she had identified them as community property in an earlier; aborted Chapter 13 proceeding. Second, while Ms. Searles received a payment from her former employer after she signed the petition, she failed to amend the schedules to reflect that asset or any of the others enumerated by the bankruptcy court.
Neither do we find error in the bankruptcy court’s denial of discharge. The acts that the district court found to “hinder, delay or defraud” the trustee by concealing and destroying assets of the estate are proper grounds for denial of discharge, pursuant to section 727(a)(2)(B), for post-petition obstruction of the trustee’s efforts to obtain community property. And, intentionally omitting material interests in property from the Chapter 7 schedules, which are executed under penalty of perjury, is proper grounds for denial of discharge, pursuant to section 727(a)(4)(A), for swearing a false oath.[1]
Finally, Ms. Searles claims to appeal the $15,106.77 judgment that the bankruptcy court awarded the trustee. However, her appellate briefs make only a cursory mention of the judgment and do not argue that the judgment should be overturned for reasons separate and apart from the reasons that she contends she is entitled to discharge. Ms. Searles does not argue that the bankruptcy court’s finding that she failed to turn $15,106.77 of estate property over to the trustee is clearly erroneous. That unchallenged finding is a proper basis for the money judgment. Therefore, Ms. Searles’s request for relief from the judgment is denied.[2]
AFFIRMED.

 jjjjg disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.

. On appeal to this court, Ms. Searles argues that, even if these omissions were intentional, they are not material. Assuming that this argument was presented to the bankruptcy court and, therefore, not waived, it still fails.
Indeed, Ms. Searles’s behavior regarding the insurance agency sale proceeds alone supports the propriety of the denial of discharge. The bankruptcy court found that the Searleses themselves had acted in a manner that destroyed the value of the agency, and we find no clear error in that finding. Ms. Searles now asks this court to use that same finding to conclude that the asset was valueless and, therefore, her failure to list it on the Chapter 7 schedule was immaterial.
The court will not adopt this reasoning. The proper question is whether omission of the asset was material, considering the asset’s value before Ms. Searles destroyed it. As of the filing of the Chapter 7 bankruptcy, the value of the asset to the estate was at least $101,000. That is material.

. We decline to address the trustee’s request for attorneys’ fees and costs on appeal, pursuant to Federal Rule of Appellate Procedure 38. That request, contained in the trustee’s appellate brief, is not properly before the court. See Nagrampa v. Mailcoups Inc., 401 F.3d 1024, 1030 n. 5 (9th Cir.2005) (‘‘such a request must be set forth in 'a separately filed motion,' rather than in an appellate brief.”) (quoting Fed. R.App. P. 38).