**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.  NC-19-1071-FBG |
| LILIAN MORRIS, | Bk. No.    19-40398 |
| Debtor. | |
| LILIAN MORRIS, | |
| Appellant. | **MEMORANDUM**<sup>*</sup> |

Submitted Without Argument on October 25, 2019

Filed – November 6, 2019

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Roger L. Efremsky, Bankruptcy Judge, Presiding

———————

Appearances:      Appellant Lilian Morris, pro se, on the brief.

———————

Before: FARIS, BRAND, and GAN, Bankruptcy Judges.

———————

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

# INTRODUCTION

Chapter 11[1] debtor Lilian Morris appeals from the bankruptcy court's order dismissing her case for failure to file schedules of assets and liabilities, a statement of financial affairs, and other documents that debtors must file at the inception of the case. Ms. Morris claims that she is the victim of many misfortunes, but she does not explain or justify her failure to provide crucial information that all debtors must provide.

We AFFIRM.

# FACTUAL BACKGROUND[2]

## A.     Prepetition events

Ms. Morris claims that she suffered a series of tragic events, including the deaths of her older son and husband, her younger son's immigration and mental health problems, two car accidents, the fraudulent sale of her property in Iran, and the burglary of one of her residences.

She owned real property in Lafayette, California and Danville, California, which were subject to secured loans held by Chase Bank and

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] We exercise our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

Wells Fargo,[3] respectively. In or around 2015, she unsuccessfully attempted to refinance or modify the secured loans. She accused both banks of falsely leading her to believe that they would help her, while actually proceeding to foreclose on her properties.

## B. Ms. Morris' chapter 11 petition

On February 20, 2019, the day of Wells Fargo's scheduled foreclosure sale of the Danville property, Ms. Morris filed a chapter 11 petition.[4] She represented herself. Her petition bore many, nearly illegible handwritten notations. The petition suggested that she was seeking bankruptcy protection to save one or more of her California properties from wrongful foreclosure.

She did not file any of the schedules, the statement of financial affairs, or other required documents. She did file a list of her creditors with the twenty largest unsecured claims, but she did not fill out the form properly and instead wrote largely illegible sentences across the document, claiming that she only owed money to her two children.

She also filed a handwritten letter directed to the bankruptcy court

---

[3] Ms. Morris identifies the lender as Wells Fargo or Wells Fargo Mortgage. There is reference in the record to Wells Fargo Home Mortgage and Wells Fargo Bank, N.A. We will refer to this creditor as "Wells Fargo." Similarly, her references to "Chase Bank" presumably refer to JPMorgan Chase Bank, National Association.

[4] Ms. Morris had previously received a chapter 7 discharge in September 2016. She also sought chapter 11 reorganization in 2010 and was making payments under an ongoing 30-year chapter 11 plan.

and Wells Fargo. She complained that Wells Fargo said it would refinance her loan, but it was instead pursuing a wrongful foreclosure.

Also on February 20, 2019, the bankruptcy court issued an order indicating that Ms. Morris had failed to file fourteen required documents, including schedules, summary of assets and liabilities, her declaration, statement of financial affairs, statement of current monthly income, and list of creditors. It ordered her to file the documents within fourteen days and cautioned her that it might dismiss the case without further notice or hearing if she failed to do so.

Ms. Morris did not file any of these documents. Instead, she filed three documents: (1) a letter addressed to the bankruptcy court acknowledging an upcoming status conference; (2) a monthly operating report that included a handwritten summary of what purported to be some of her schedules; and (3) a letter with attachments directed to Wells Fargo that recounted the history of her hardships and requested a loan modification. Each of these documents was largely illegible and unintelligible. None of them satisfied the court's order.

On March 13, 2019, the bankruptcy court dismissed Ms. Morris' case sua sponte for failure to comply with its February 20, 2019 order.

Ms. Morris timely appealed. She thereafter filed motions to attempt to save the Danville property from foreclosure. She still did not file any of the documents that the court had ordered her to file.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in dismissing Ms. Morris' case for failure to file required documents.

## STANDARD OF REVIEW

We review for abuse of discretion the bankruptcy court's decision to dismiss Ms. Morris' chapter 11 case. *See Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 611 (9th Cir. BAP 2014) ("We review the bankruptcy court's decision to dismiss a case under an abuse of discretion standard.").

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

The only issue before us in this appeal is whether the bankruptcy court erred when it dismissed Ms. Morris' chapter 11 petition due to her failure to file her schedules and statement of financial affairs and other

required documents. Her briefs do not really challenge this decision; instead, she recounts her personal and financial hardships dating back over a decade. We discern no error.

The bankruptcy process depends on the debtor's complete and voluntary disclosure of all relevant information about her assets, liabilities, income, expenses, and financial history. Full and forthright disclosure is part of the price a debtor must pay to gain the benefits of bankruptcy. *See Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 841 (9th Cir. BAP 2008).

To this end, the debtor must file schedules of assets, liabilities, income, and expenses, a statement of financial affairs with detailed information about the debtor's financial condition and history, and other documents. *See* Rule 1007; *Spokane Law Enforcement Fed. Credit Union v. Barker (In re Barker)*, 839 F.3d 1189, 1193 (9th Cir. 2016). These documents are crucial to the administration of a bankruptcy case. They enable the court, the trustee, the creditors, and other parties in interest to ascertain the debtor's financial condition without the requirement of a costly investigation. *See Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 877 (9th Cir. BAP 2007) ("The purpose of [§ 727(a)(4)] is to ensure that a debtor provides reliable information so interested parties do not have to 'dig out [the] facts in examination or investigations[.]'" (citation omitted)). A court may dismiss a case pursuant to its inherent powers under § 105 if the debtor fails to file these documents. *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860,

869-71 (9th Cir. BAP 2004) (affirming the dismissal of a chapter 13 case under § 105 for failure to file required documents).

Ms. Morris filed her chapter 11 petition but failed to file any other document required by Rule 1007, including her schedules and statement of financial affairs. The bankruptcy court ordered her to file those documents and warned her that it might dismiss her case if she failed to comply within fourteen days. She did not file any of the documents. The bankruptcy court did not err in exercising its inherent authority under § 105 and dismissing Ms. Morris' case.

Ms. Morris emphasizes her personal and financial hardships. While her circumstances are unfortunate, she does not explain why any of her hardships prevented her from complying with the court's order. She does not cite any law excusing her failure to file the appropriate documents required by Rule 1007.

She implies that the bankruptcy court dismissed her case because it could not understand her English. It is true that her documents are difficult to decipher. But the bankruptcy court dismissed the case, not because of her language skills or the content of any documents, but rather due to her complete failure to file crucial documents.

Ms. Morris' pro se status is not an excuse. While courts construe pro se litigants' filings liberally, pro se litigants must still comply with all procedural rules and must provide the information that is necessary to

7

administer the bankruptcy case and evaluate their entitlement to relief. *See Rivera v. Curry (In re Rivera)*, 517 B.R. 140, 145 (9th Cir. BAP 2014), *aff'd in part, appeal dismissed in part*, 675 F. App'x 781 (9th Cir. 2017).

Ms. Morris requests that we assist her by investigating her loans and the wrongful foreclosures. But the function of this Panel and the bankruptcy court is to decide disputes that are properly brought before us, not to help one party investigate or prosecute its case against others.

## CONCLUSION

The bankruptcy court did not err. Accordingly, we AFFIRM.