

FILED

AUG 12 2024

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MARTHA AVILES & ANTONIO AVILES,<br>　　　　　Debtors. | BAP No. EC-23-1208-GFB<br><br>Bk. No. 19-10708-B-13 |
| MARTHA AVILES; ANTONIO AVILES,<br>　　　　　Appellants,<br>v.<br>PETER L. FEAR, Chapter 7 Trustee;<br>LILLIAN G. TSANG, Chapter 13 Trustee,<br>　　　　　Appellees. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Rene Lastreto, II, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtors Martha and Antonio Aviles ("Debtors") appeal

the bankruptcy court's decision denying their motion for reconsideration of

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

the court's order vacating their voluntary dismissal. The bankruptcy court determined that Debtors did not have an absolute right to dismiss under § 1307(b) because they previously converted their case under § 706, and they were judicially estopped from arguing otherwise. But Debtors did not convert their case under § 706. They moved, pursuant to Civil Rule 60(b), made applicable by Rule 9024, to set aside the court's prior order converting their case to chapter 7. The court granted Debtors' motion, and the result was as if the case had never been converted from chapter 13. Thus, Debtors retained their right to dismiss the case under § 1307(b).

Accordingly, we REVERSE and reinstate the order dismissing Debtors' case.

## FACTS[2]

### A.   Debtors' chapter 13 case and conversion to chapter 7

Debtors filed a chapter 13 petition and a plan which proposed payment of 100% of unsecured claims over a term of 60 months. The court confirmed the plan in June 2019. Debtors were represented by an attorney who was later suspended by the state bar and resigned from practice during the plan term.

---

[2] The facts are undisputed; we rely principally on the bankruptcy court's recitation of facts in its order denying Debtors' motion for reconsideration. We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Debtors performed their obligations under the plan for 48 months, but after becoming dissatisfied with their solar power system, they stopped making plan payments under the mistaken belief that the solar panel creditor would abandon its claim. The chapter 13 trustee filed a motion to dismiss the case under § 1307(c)(1) and (6). Because the court received no responses and the chapter 13 trustee's declaration indicated approximately $30,000 in unencumbered equity above Debtors' homestead exemption, the court determined that conversion to chapter 7 was in the best interests of creditors and the estate. The court entered an order converting the case in June 2023. A week later, Peter L. Fear was appointed as trustee ("Chapter 7 Trustee").

**B. Debtors' motion to set aside the conversion**

In July 2023, Debtors retained new counsel and filed a motion for relief from the conversion order (the "Civil Rule 60(b) Motion"). The Civil Rule 60(b) Motion was titled: "Motion, Under F. R. Civ. P. Rule 60(B)(1); BK Rule 9024, For the Court to Grant Relief to Debtors From the Order Converting Their Case to Chapter 7," and it specifically sought relief under Civil Rule 60(b).

Debtors stated that they did not speak English, but their former attorney had Spanish speaking staff who helped them through confirmation of their chapter 13 plan. Debtors indicated that general unsecured claims totaled $58,614.50, and they made monthly plan payments of $1,095 from March 2019 until March 2023. According to

3

Debtors, they became upset with paying an unsecured claim to a creditor who installed solar panels because the solar panels never worked. They could not locate their attorney, and they took advice from friends who suggested they stop making payments to make the creditor "give up on their claim."

Debtors sought relief under Civil Rule 60(b) based on mistake or excusable neglect. They maintained they did not receive the chapter 13 trustee's motion to dismiss, but they acknowledged their fourteen-year-old son—who was responsible for sorting and throwing out "junk mail"—may have mistakenly discarded the trustee's motion. Debtors indicated that if the court set aside the conversion order, they would propose a plan to pay the remaining unsecured debt and would consider objecting to the claim related to their solar panels. Debtors also argued that the chapter 13 trustee deprived them of due process by sending the motion to dismiss in English only, despite having knowledge that Debtors spoke only Spanish.

The chapter 13 trustee, Michael H. Meyer,[3] filed a statement expressing no position on the Civil Rule 60(b) Motion but opposing any accusation that his office violated due process or would not accommodate Spanish-speaking debtors.

Chapter 7 Trustee opposed the Civil Rule 60(b) Motion and argued that Debtors failed to establish legal grounds to set aside the conversion.

---

[3] Lilian G. Tsang was appointed successor chapter 13 trustee upon Mr. Meyer's resignation in January 2024.

4

He also noted that Debtors failed to attend the § 341 meeting of creditors or provide documents required by § 521.[4] Chapter 7 Trustee suggested that Debtors should be responsible for paying chapter 7 trustee fees if their case was reconverted back to chapter 13.[5] In their reply, Debtors agreed to include any outstanding chapter 7 trustee fees in an amended chapter 13 plan.

---

[4] Debtors appeared at the continued § 341 meeting, but Chapter 7 Trustee did not conduct the hearing because the bankruptcy court had posted its tentative decision indicating it would grant the motion, and Chapter 7 Trustee did not intend to oppose it at the hearing. The court essentially adopted its tentative decision as its civil minutes.

[5] Chapter 7 Trustee did not indicate what fees should be payable as an administrative expense. In a subsequent filing, Chapter 7 Trustee stated that he anticipated selling Debtors' home for $520,000, paying the mortgage, commission, and unsecured claims, and distributing the remainder to Debtors, resulting in chapter 7 trustee's fees of $18,250 under § 326. Section 326(a) provides the formula to determine the maximum compensation for a chapter 7 trustee, s*ee Fear v. United States Trustee (In re Ruiz)*, 541 B.R. 892, 896 (9th Cir. BAP 2015), and we have held that a trustee's request for compensation should be presumed reasonable so long as it does not exceed the statutory maximum, *id.*; *Hopkins v. Asset Acceptance LLC (In re Salgado-Nava)*, 473 B.R. 911, 921-22 (9th Cir. BAP 2012). But chapter 7 trustee's fees are payable only for "actual, necessary services," and only after the trustee renders such services and receives or disburses money. *See* § 330; *U.S. Tr. v. Tamm (In re Hokulani Square, Inc.)*, 460 B.R. 763, 766-68 (9th Cir. BAP 2011). There is no evidence in the record that Chapter 7 Trustee received or disbursed any money during his brief appointment, and thus, there were no chapter 7 fees owing at the time of Debtors' Civil Rule 60(b) Motion. However, Debtors agreed to pay Chapter 7 Trustee $5,000 as an administrative expense in their amended chapter 13 plan. Appellee argues, and the bankruptcy court reasoned, that inclusion of the $5,000 administrative expense is evidence that the court reconverted the case to chapter 13 instead of setting aside the original conversion order under Civil Rule 60(b). We find the argument unavailing. Chapter 7 Trustee was not entitled to any commission at the time of the motion. Consequently, Debtors' agreement to pay him $5,000 is not relevant to determining whether the case was converted or the original conversion was set aside.

At the hearing, the court stated it would grant the Civil Rule 60(b) Motion, but it informed Debtors' counsel: "the Court will approve the reconversion of the case from Chapter 7 to Chapter 13 under 11 U.S.C. Section 706. Now, that of course, means that your client does not have a right to dismiss under 1307 if – if the case is reconverted. You understand that?" *Hr'g. Tr.*, at 5:11-17, Sept. 12, 2023. Debtors' counsel responded, "Yes, I do."

The bankruptcy court then entered an order which states:

> This matter came on for hearing on September 12, 2023, on Debtor's [sic] Motion for the Court to Grant Relief from the Order Converting their Case to Chapter 7. The minutes of the hearing will be the Court's finding of facts and conclusions of law. Appearances were of record. The matter having been submitted and GOOD CAUSE APPEARING, the motion is granted, and the case is converted to Chapter 13.

The court set a deadline for Debtors to file an amended chapter 13 plan and required that reasonable chapter 7 trustee fees would be provided for as an administrative expense.

In its civil minutes, the court discussed the standard for relief under Civil Rule 60(b). The court noted that Debtors' actions stretched the bounds of excusable neglect "nearly to its breaking point" but indicated that it "GRANTED the motion and allowed the case to reconvert back to Chapter 13."

## C. Debtors' notice of dismissal, the order vacating dismissal, and Debtors' motion for reconsideration

Debtors stipulated with Chapter 7 Trustee to provide for an administrative claim of $5,000, and they filed an amended plan to treat the remaining unsecured claims. In October 2023, the chapter 13 trustee filed an objection to Debtors' amended plan. The trustee argued that because Debtors were effectively in month 56 of a 60-month plan—and the plan period could not exceed 60 months—their plan payment must be increased to $8,650 per month to pay all remaining claims.

On November 13, 2023, Debtors filed a notice of dismissal pursuant to § 1307(b). Two days later, the court entered an order dismissing the case. Chapter 7 Trustee then filed an ex parte motion to vacate the dismissal. He argued that Debtors did not have an absolute right to dismiss under § 1307(b) because their case was previously converted under § 706. The bankruptcy court entered an order vacating the dismissal.

Debtors filed a motion for reconsideration pursuant to Civil Rule 59(e), made applicable by Rule 9023. They disputed that their case was converted under § 706 and argued instead that the court set aside the conversion order pursuant to Civil Rule 60(b).

The bankruptcy court disagreed and entered an order denying Debtors' motion for reconsideration. The court reasoned that the case was clearly converted from chapter 13 to chapter 7, and its order granting Debtors' Civil Rule 60(b) Motion did not "vacate" the original conversion

7

order. The court held that, because the case was converted from chapter 7 to chapter 13 at the request of the Debtors, they did not have an absolute right to dismiss the case under § 1307(b).

The court additionally held that Debtors were judicially estopped from arguing that the order granting their Civil Rule 60(b) Motion vacated the previous conversion order because the motion sought to "reconvert" the case to chapter 13 and the parties stipulated to allow the chapter 7 trustee an administrative claim. The court reasoned that Debtors succeeded in convincing the court to reconvert the case to chapter 13 and could not later claim they really intended to vacate the original conversion order. Debtors timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion by denying Debtors' motion for reconsideration?

## STANDARD OF REVIEW

We review for abuse of discretion the bankruptcy court's denial of a motion for reconsideration. *In re Frantz*, 655 B.R. 594, 602 (9th Cir. BAP 2023). To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and

(2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.  Governing legal standards**

Reconsideration under Civil Rule 59(e) is appropriate if the movant demonstrates: (1) a manifest error of fact; (2) a manifest error of law; or (3) newly discovered evidence. *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 878 (9th Cir. BAP 2007). Debtors argue that the court committed legal error by denying their motion for reconsideration because they had an absolute right to dismiss their case under § 1307(b). Thus, the court should have reconsidered its order vacating dismissal and allowed the dismissal order to stand.

Section 1307(b) provides: "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of this right to dismiss under this subsection is unenforceable." Debtors' right to dismiss a chapter 13 case is absolute and subject only to the "single exception noted expressly in the statute itself." *Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 10 F.4th 956, 964 (9th Cir. 2021).

Accordingly, this case turns on a purely legal question: did the court's order granting the Civil Rule 60(b) Motion constitute a conversion under § 706? We hold that it did not.

**B.    The language of the court's order and its findings and conclusions demonstrate that it granted relief under Civil Rule 60(b), not § 706.**

Because a case cannot be converted to chapter 13 absent the consent of the debtor—and voluntary conversion under § 706 affects a debtor's otherwise absolute right to dismiss the chapter 13 case—orders converting a case under § 706 must be clear.

The order here is not a model of clarity. It simply states that Debtors' motion is granted, the case is converted to chapter 13, and the minutes of the hearing will be the court's findings of fact and conclusions of law. While granting Debtors' motion is consistent with setting aside the original conversion order, "converting" the case to chapter 13 is not. And though it is clear from the transcript that the court believed it was converting the case under § 706, the language of the court's written order and its findings of fact and conclusions of law support our conclusion that, by granting the Civil Rule 60(b) Motion, the court set aside the prior conversion order.

Debtors' motion sought a single form of relief: to set aside the original conversion order.[6] The effect of setting aside the conversion order

---

[6] The court has discretion under Civil Rule 60(b) to relieve a party from a final order on "such terms as are just," which permits a court to grant appropriate relief under the circumstances. *See, e.g., Schanen v. U.S. Dep't of Justice*, 798 F.2d 348, 350 (9th Cir. 1985). But here, the bankruptcy court did not articulate any terms for relief other

was that Debtors remained in chapter 13. *See Ditto v. McCurdy*, 510 F.3d 1070, 1077 (9th Cir. 2007); 47 Am. Jur. 2d *Judgments*, § 676 (2024) ("When a judgment has been rendered and later set aside or vacated, the matter stands precisely as if there had been no judgment. The vacated judgment lacks force or effect and places the parties in the position they occupied before entry of the judgment."). Considering the legal effect of granting the motion, the language in the order stating that the case is "converted to Chapter 13" can be understood as an imprecise description of the natural consequence of setting aside the original conversion order.[7]

The court's findings of fact and conclusions of law support this result. The bankruptcy court evaluated the motion under legal standards applicable to Civil Rule 60(b), and although it determined Debtors' bases for relief "stretch[ed] the bounds of 'excusable neglect' nearly to its

---

than granting Debtors' motion, which plainly sought to set aside the prior conversion order. It is not necessary for the order to expressly "vacate" the original conversion order; by granting the requested relief, the court set aside the conversion order. Moreover, the court could not condition relief under Civil Rule 60(b) by limiting Debtors' right to dismiss under § 1307(b). The only exception to the absolute right to dismiss a chapter 13 case is in the statute itself. *In re Nichols*, 10 F.4th at 964.

[7] While stating that the case is "converted to Chapter 13" is consistent with granting relief under Civil Rule 60(b) under these circumstances, the converse is not. If the court converted the case under § 706, it could not have granted Debtors' Civil Rule 60(b) Motion. Conversion under § 706 would be possible only if the court did not grant the Civil Rule 60(b) motion and instead kept the original conversion order in place. This reading is also consistent with the court's findings of fact and conclusions of law in which the court stated that it granted Debtors' motion and "allowed the case to reconvert" to chapter 13. By granting the requested relief and setting aside the original conversion, the court permitted the case to return to chapter 13.

breaking point," the court granted relief under the rule. While the court's decision was also supported by the fact that "both the Chapter 7 and Chapter 13 Trustees appear to be amenable to the motion so long as all outstanding Chapter 7 fees are paid," the court specifically noted that it would "not materially alter the relief requested by the moving party" and would grant the relief where the movant made a prima facie case for relief and no party in interest objected. Nowhere in the findings of fact and conclusions of law does the court mention § 706 or standards for relief under that section.[8]

---

[8] The absence of any discussion of conversion standards is relevant here. Section 706(a) provides debtors with a "one-time absolute right" to convert. *See Croston v. Davis (In re Croston)*, 313 B.R. 447, 450 (9th Cir. BAP 2004), *abrogated on other grounds by Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007). But courts are split on whether § 706 permits debtors to convert to chapter 13 if the case has been previously converted, and there is no controlling decision in the Ninth Circuit. Several courts have held that, once a case has been converted, debtors have no right whatsoever to convert under § 706(a). *See In re Phillips*, Case No. 6:20-bk-18117-MH, 2021 WL 2254807 (Bankr. C.D. Cal. 2021) (collecting cases). Those courts have concluded that the phrase "if the case has not been converted" modifies the entirety of the first clause in § 706(a), not merely the phrase "at any time." *Id.* at *1. If a case has been previously converted, debtors may still request conversion under § 707, but in such cases, the court must determine whether conversion or dismissal is appropriate. *See id,* at *2. Courts that have allowed reconversion under § 706(a) have reasoned that the bankruptcy court has discretion to convert on policy grounds or have looked to § 706(c) as support for court authority to convert when a debtor requests conversion. *Id.* We need not decide whether § 706 allows Debtors to convert after their case was converted under § 1307. But the absence of any citation or discussion of this provision and its possible limitations supports our conclusion that the case was not converted under § 706.

**C.** **The bankruptcy court did not incorporate its oral statements into the order granting Debtors' Civil Rule 60(b) Motion.**

The absolute right to dismiss under § 1307(b) cannot be limited by the bankruptcy court and is subject only to the limitation in the statute: debtors cannot dismiss a chapter 13 if they voluntarily converted their case to chapter 13. Because conversions to chapter 13 impact a debtor's statutory right to dismiss, orders converting the case must be clear. The bankruptcy court had authority to deny Debtors' Civil Rule 60(b) Motion and permit them to file a motion to convert the case. Similarly, the court could have informed the parties that it intended to consider the motion as one to convert and expressly obtained Debtors' consent to conversion. But the record does not clearly demonstrate that.

Debtors did not request conversion to chapter 13; they sought to set aside the original conversion order under Civil Rule 60(b).[9] The bankruptcy court made oral statements that the case would be converted under § 706 but did not incorporate those statements into its written decision.

When faced with an apparent conflict between the bankruptcy court's oral statements made in court and its written order, the written order prevails. *See Rawson v. Calmar S.S. Corp.*, 304 F.2d 202, 206 (9th Cir.

---

[9] We do not interpret Debtors' counsel's response to the court as a request to convert the case under § 706. The court asked counsel if he understood the court's view that the case would be converted and Debtors would lose their right to dismiss under § 1307(b). Counsel's response indicates his understanding of the court's view; it does not express an opinion about the propriety of that position, and it does not constitute an affirmative request to convert the case.

1962) ("[T]he oral comments of the trial court in announcing its decision . . . [are] superseded by the findings of fact. The trial judge is not to be lashed to the mast on his off-hand remarks in announcing decision prior to the presumably more carefully considered deliberate findings of fact."); *see also Precision Bus. Consulting, Inc. v. Medley (In re Medley)*, BAP No. CC-22-1167-FLC, 2023 WL 1960799, at *7-8 (9th Cir. BAP Feb. 13, 2023) (evaluating basis of court's ruling under written order, not by rationale stated in court) *aff'd*, 2027 WL 49806 (9th Cir. Jan 4, 2024); *McInnis v. Santa Cruz Cnty. Tax Collector (In re McInnis)*, BAP Nos. NC-17-1336-FBKu, NC-17-1354-FBKu, 2018 WL 6565413, at *7 (9th Cir. BAP Dec. 10, 2018) ("the court's written order prevails over any oral statements in court").

Though the bankruptcy court's oral statements indicate its understanding that the case would be converted under § 706, its order does not. We must interpret the legal effect of the order according to its plain language. Because the court granted Debtors' Civil Rule 60(b) Motion, which sought only to set aside the prior conversion, the order vacated the prior conversion and returned Debtors to chapter 13.

**D.  Debtors were not judicially estopped from arguing the case was not converted.**

Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000). It is an equitable doctrine, invoked by a court at its discretion,

14

and intended to prevent improper use of the court. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citations omitted). Judicial estoppel is dependent on the circumstances, but it typically requires that: (1) a party's later position be "clearly inconsistent" with its earlier position; (2) the court must rely on the first position, such that acceptance of an inconsistent position in a later proceeding would create the perception the court was misled; and (3) the party receives an unfair advantage or imposes an unfair detriment on the opposing party. *Id.* at 750-51 (citations omitted).

Debtors did not take the position that their case was converted under § 706. They moved to set aside the original conversion under Civil Rule 60(b). Debtors' counsel stated that he understood the court's view that Debtors would lose their right to dismiss, but neither Debtors nor their counsel took the position that their case should be converted under § 706, and they did nothing to persuade the court to convert the case. Moreover, we question whether judicial estoppel should be applied to impede the absolute right to dismiss a chapter 13 case under the statute. Section 1307(b) is limited only by the exceptions in the statute and further provides: "any waiver of the right to dismiss under this subsection is unenforceable."

The case was not converted under § 706, and Debtors retained their absolute right to dismiss under § 1307(b). Consequently, the bankruptcy court committed legal error by vacating the dismissal order and abused its discretion by denying Debtors' motion for reconsideration.

## CONCLUSION

Based on the foregoing, we REVERSE the bankruptcy court's order denying Debtors' motion for reconsideration. Consequently, the order dismissing the case is reinstated.